Wheeler, J.
The only question presented hv the record is whether, after the death of the defendant Coker, it was competent for his codefendant, Crump, to sot up the defense that lie was but surety of the former for the purpose of defeating (he action under the provision of the statute which gives the surety (lie privilege of not being first sued. And we are of opinion that it was not. Under (lie decisions of tliis court that defense could not avail the defendant. in t his action.
Note 13.—A surety cannot insist that the administrator of the deceased maker of the'note sued on should be made a defendant. (Walker v. Collins, 22 T., 180)
In Scott v. Dewees (2 Tex. R., 153) we decided that where the principal has died the surety may bo sued in the first instance.
And in the’ case of Ritter v. Hamilton (4 Tex. R., 325) we decided that to entitle a surety to avail himself of tiie privilege conferred by the statute he must have contracted as surety.
Tiie court therefore erred in overruling tiie plaintiffs’ exceptions to the plea and annexed interrogatories of the defendant and in the instructions to the jury, for which the judgment must be reversed and the cause remanded for further proceedings.