Anderson Boggs et al. v. The State.

1. Practice—Evidence—Principal and Surety.—In a suit by the State against an officer on his official bond, the cause of action survives against the securities on the death of their principal, and upon the suggestion of the principal's death the cause may proceed against the securities without alleging or proving the insolvency of the principal.

2. Public officer—Tax collector's responsibility.—A tax collector does not occupy toward the State the relation of a mere bailee for hire, who is responsible only for such care of the public money as a prudent man would take of his own; he is bound to account for and pay over the public money that he collects, less his commission, or his securities must pay it for him.

3. Auditor's report—Evidence—Trial by jury.—A party has a right to specially object to any item allowed by, or disallowed, or to any conclusion arrived at, by an auditor, as exhibited in his report, and have the verdict of a jury thereon in response to evidence adduced on the trial of the case. In the absence of such objections it is not error for the court to charge, that the report of the auditor is conclusive, nor does such practice contravene the right of the party to a trial by jury.

Appeal from Rusk. Tried below before the Hon. M. H. Bonner.

*James H. Jones & Charles A. Smith*, for appellants, cited, in support of their position that Boggs was only a bailee, Story on Bailments, sec. 442; Jones on Bail., 97, 98, 99; Platt *v.* Hibbard, 7 Cowen, 497; Story on Bailments, secs. 444, 445; Brown *v.* Denison, 2 Wend., 593.

*W. H. Morris*, for appellee, cited United States *v.* Prescott,

3 How., 578; 11 How., 154; 4 Wallace, 182; 1 Denio, 233; United States Dig., 311.

Roberts, Chief Justice.—This suit was brought by the State against Anderson Boggs, and a number of other persons as his sureties, on a tax collector's bond.

After the suit was brought, and before the trial, the death of Boggs, the principal, was suggested, and, by an amendment of the petition, it was alleged that he was dead, and that his estate was insolvent. Plaintiff discontinued the suit as to him. On that account the defendants, the sureties, moved to dismiss the action as to them, which motion was overruled. On the trial they asked the court to charge the jury that it was necessary for plaintiff to prove the insolvency of Boggs as alleged, which the court refused to do.

These rulings of the court, having been excepted to and assigned as error, may be considered together, as the view we take of the first will also dispose of the second—there having been no special issue raised upon either the death or the insolvency, to take this out of the ordinary rule of practice.

The defendants relied on the statute, which provides that "the principal and the indorser or surety upon any instrument in writing may be joined in the same suit; but no judgment in any such suit shall be rendered against the indorser or surety unless judgment is at the same time rendered against the principal; except when the plaintiff discontinues against the principal because he resides beyond the limits of the State, or because he is insolvent, in which case he may discontinue and take judgment." (Paschal's Dig., art. 1449, also art. 1426.)

This article is contained in the District Court act of 1846, and in the same act we find it provided that in all suits where there are two or more plaintiffs or defendants, and one or more of them die, if the cause of action survive, the death may be suggested, and the action proceed for or against the survivors. (Paschal's Dig., art. 695.)

In this case the cause of action certainly survived against the sureties of Boggs, upon his death, and therefore, under the section of the law last cited, it was only necessary to suggest his death, and proceed with the case against his sureties. (Petty *v.* Cleveland, 2 Tex., 406.)

As early as 1836, and ever since, there has been a provision exempting a surety from suit before suit against the principal, unless the principal was beyond the jurisdiction of the court. And under such provision this court has decided, that the death of the principal placed him beyond the jurisdiction of the court, and that if he died pending a suit against him and the surety, upon his death, being suggested of record, the plaintiff might proceed with his suit against the surety. (Ennis & Reynolds, *v.* Crump, 6 Tex., 85, and cases cited; Aldridge *v.* Mardoff, 32 Tex., 204.)

The defendants filed a special answer, averring that Boggs, as tax collector, having collected the taxes, and being about to start to Austin with the money, had $1,300 of it stolen from him, without his fault, (stating the circumstances of its loss.) The plaintiff filed exceptions to this answer, which were sustained, which is assigned as error.

It is contended by the counsel for the appellants that Boggs, being an officer, occupied towards the State the position of a bailee for hire, in the business of collecting, preserving, and accounting for the taxes of Rusk county, and that as he took care of the money in his hands, as a prudent man would ordinarily have done, in reference to his own property, neither he nor his sureties were responsible for its loss.

We do not understand such to be the legal position and responsibility of the public officer whose duty it is to collect and account for the money of the State as a tax collector, nor is it in accordance with the terms of his bond, signed by him and his sureties, as prescribed by law.

He is bound to account for and pay over the amount of money which he collects less his commissions, or his sureties

must do it for him. (Paschal's Dig., art. 7481; Boyden *v.* United States, 13 Wall., 17.)

The plaintiff set out in the petition the official bond as tax collector, and alleged breaches of the conditions in the non-collection and in the collection and non-payment of a certain amount of taxes, as shown by a certified statement of account from the comptroller of the State of Texas. The defendants answered that Boggs had been turned out of office by General Reynolds; that he had been ordered to turn over the tax rolls to his successor before he had completed the collection upon them, and that he was entitled to credits on that account as well as for commissions due him, and for taxes of insolvent persons.

Upon motion of defendants, the court appointed an auditor to make a statement of the account between the State and Boggs with specific directions as to the items of account to be investigated by him, with power to take evidence and determine and report upon the same.

J. N. Still was appointed auditor, and made his report in accordance with his instructions, showing a balance against Boggs in an itemized statement of accounts, to which the defendants filed the following exceptions, to wit:

"And now come all the sureties, defendants in the above-entitled cause, and except to the sufficiency of the auditor's report filed therein, and say that it is insufficient in law.

"And for special exceptions they say that these sureties are not bound by said report.

"And they say that, to hold them bound by said report, they would be thereby deprived of a trial by jury."

The court overruled these exceptions, which is assigned as error.

This is a motion to set aside the report of the auditor, in contradistinction to objections taken to any part or item of it.

No reason is given, or fact pointed out in the motion from which it can be perceived why the sureties are not bound by a report of the auditor, which they, as defendants, sought to

have made for their own benefit. Nor would this ground be any stronger if the auditor had been appointed at the instance of the plaintiff. (O. & W. Dig., art. 565.)

As to the second exception, that the defendants are thereby deprived of a trial by jury, that is equally untenable. According to the rules laid down by this court in the leading case upon the subject in the construction of our statute authorizing the appointment of an auditor, the defendant had a right to specially object (upon reasonable notice thereof to the opposite party) to any item allowed or disallowed, or to any conclusion arrived at by the auditor as exhibited in his report, and take the verdict of the jury thereon in response to evidence adduced by either or both parties on the trial of the cause. (Whitehead *v.* Perie, 15 Tex., 7.) Not having made any such objections, the defendants have no right to complain of the action of the court in that regard.

Nor in the absence of any such objections was it error in the court, to charge that the report of the auditor was conclusive evidence as to the amount found against Boggs; because that which is only presumptive and admissible evidence of a fact may be conclusive when not opposed by any evidence whatever. And in this case there was none.

There are some other questions raised, which it would hardly be necessary or proper to review. As, for instance, the allowance of interest from the day of the suit, under a prayer for a large amount of damages, and the "discharge" of several of the defendants by the court under their pleas of bankruptcy, the sufficiency of which was submitted to the court by consent of parties.

There being no error found in the judgment it is affirmed.

Affirmed.