W. N. COE ET AL. v. K. K. FOREE, COUNTY JUDGE.

Decided February 11, 1899.

**Official Bond—County Treasurer—Robbery.**

That the money was lost by robbery, without the fault of the county treasurer, is no defense to an action upon his official bond conditioned that he will safely keep and faithfully disburse the money received by him in his official capacity.

APPEAL from Dallas. Tried below before Hon. W. J. J. SMITH.

*I. R. Oeland* and *O. N. Brown,* for appellants.

*G. G. Wright,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was brought by K. K. Foree, county judge of Dallas County, for the use and benefit of the county, against W. N. Coe as principal, J. S. Armstrong, E. O. Tennison, and J. C. O'Connor as sureties on his official bond as treasurer of Dallas County, Texas. They alleged that Coe was elected treasurer of the county of Dallas, and qualified about the 1st day of December, 1894, and held the office until his successor qualified; that Ed Prather was elected the successor of W. N. Coe and qualified on the 1st day of December, 1896; that W. N. Coe on the 31st day of November, 1894, executed his bond with the other defendants as sureties, payable to T. F. Nash and successors in office, in the sum of $34,329.44; that the bond was conditioned that Coe should well and truly perform and discharge all of the duties required of him by law as county treasurer, and should safely keep and faithfully disburse the school funds of Dallas County according to law, and pay such warrants as might be drawn on such fund by competent authority; that on the 30th day of November, 1894, Coe executed his bond in the sum of two hundred and fifty thousand ($250,000) dollars, payable to T. F. Nash, county judge of Dallas county, Texas, and his successors in office, with the other defendants as sureties, con-

ditioned that Coe should well and truly perform and discharge all the duties required of him by law as county treasurer, and pay over according to law all moneys which should come into his hands as county treasurer aforesaid, and render a just and true account thereof to the commissioner's court at each regular term of said court; that Coe took the oath of office and entered upon the duties of his office; that Coe failed and refused to perform the duties required of him by law as county treasurer, and failed safely to keep and faithfully disburse the school fund according to law, and failed and refused to pay such warrants as were drawn on the school fund of Dallas County according to law, and failed to pay such warrants as were drawn on such school fund by competent authority; and failed and refused to turn over to his successors in office the funds that were in his hands as county treasurer; and failed and refused to pay over all money according to law which came into his possession as county treasurer, and failed and refused to render a just and true account thereof to the Commissioners Court, and failed and refused to turn over to his successors in office the funds owned by Dallas County that were in his hands as county treasurer; and that he failed and refused to deliver to his successor in office and failed to account in any manner for the sum of $6967.27.

Defendants in their amended answer set up several special exceptions, and answered by general denial.

And, further answering, they said: That if W. N. Coe, as treasurer of Dallas County ever received any money or funds belonging to Dallas County for which he failed to account to the proper officer of said County, that this defendant and none of these defendants are liable and can not be held responsible therefor, for the following reasons: On the 29th day of November, 1896, said W. N. Coe, at about 10 o'clock at night, while in the office and acting as treasurer of Dallas County, Texas, was violently and forcibly seized upon by robbers and struck and shot down, and the safe which contained the county funds was broken open and robbed; that all of this was done by force and violence, and against the will of the said W. N. Coe; and that the funds and money of the county were taken by the robbers by irresistible force and violence; that the said W. N. Coe did all in his power to prevent the taking of this money, and acted with care and diligence to prevent the loss of this money to the county, by reason of all of which these defendants are not liable.

The plaintiff filed first supplemental petition setting up a special exception to the defense of robbery as pleaded by defendant, which exception was sustained by the court, and the defendants, plaintiffs in error, excepted to the ruling of the court and gave notice of appeal.

The defendants complained of the action of the court in sustaining the exception in their motion for a new trial.

On the trial of the cause the defendants offered to prove the details of the robbery by W. N. Coe, Dr. H. K. Leake, and Sloan Lewis, setting out fully that he was attacked by armed robbers, was shot in the back of the head, and struck insensible while defending the county funds.    On

objection this evidence was excluded, and a bill of exception taken by the defendants. The judgment was rendered against all the defendants for the sum of $7570.46, with interest at the rate of 6 per cent per annum. From this judgment the defendants have appealed.

The sole question raised upon this appeal is, can a county treasurer and the sureties on his official bond set up the defense of robbery in a suit against them upon such bond? This suit was instituted by the county judge of Dallas County against W. N. Coe and the sureties upon his official bond under proper allegations, setting out the conditions of defendants' bond and a breach thereof, and the praying for judgment against them.

The defense was, that the money which the suit sought to recover had been forcibly and violently taken from the safe in the office of the county treasurer by robbery, against the treasurer's will and without fault on his part. A special demurrer was sustained to this defense, defendant's excepted, and the exception is preserved in the record. The correctness of the ruling of the trial court is now brought in question in this court by appropriate assignments of error.

Counsel for the plaintiff in error admit in their brief that their contention has been decided adversely to them by the Supreme Court of this State in the case of Boggs v. State, 46 Texas, 10, and Wilson et al. v. Wichita County, 67 Texas, 648; but they contend that the opinions in these cases are based upon the opinion of the United States Supreme Court in the case of Prescott v. United States (3 Howard, 578), which last case they contend is overruled by the case of United States v. Thomas, 15 Wallace, 337, and hence they insist the cases of Boggs v. State and Wilson v. Wichita County should not be considered as authority.

The case of Boggs v. State, 46 Texas, 10, was a suit instituted by the State against Boggs as tax collector of Rusk County and the sureties upon his official bond. The defense was that the money which the suit was brought to recover had been stolen from the tax collecteor without his fault, etc. This answer was excepted to by the State and the exception sustained. In that case it was contended on appeal by the collector and his bondsmen that Boggs, being an officer, occupied towards the State the position of a bailee for hire, in the business of collecting, preserving, and accounting for the taxes of Rusk County, and that as he took care of the money in his hands, as a prudent man would ordinarily have done, in reference to his own property, neither he nor his sureties were responsible for its loss. Chief Justice Roberts, speaking for the court, uses the following language: "We do not understand such to be the legal position and responsibility of the public officer whose duty it is to collect and account for the money of the State as a tax collector, nor is it in accordance with the terms of his bonds, signed by him and his sureties as prescribed by law. He is bound to account for and pay over the amount of money which he collects, less his commissions, or his sureties must do it for him."

The case of Wilson v. Wichita County, 67 Texas, 647, was a suit by Wichita County against one Wilson and the sureties upon his official bond as county treasurer to recover money alleged to have been received by him as treasurer and which he refused to deliver up to his successor.

The defendants pleaded that the money was deposited by the consent of the county commissioners in a banking house in Wichita Falls known as the Exchange Bank, which was considered a safe and solvent place of deposit. That without fault or negligence on the part of the bondsmen the bank failed, by reason of which the entire funds were lost. This answer was excepted to, and the exceptions sustained and the ruling was assigned as error. Chief Justice Willie in delivering the opinion of the Supreme Court uses the following language: "It is too well settled to require discussion that an officer who is custodian of public money does not occupy the relation of a mere bailee for hire, who is responsible for only such care of money as a prudent man would take of his own. He is bound to account for and pay over the public money, less his commissions, or his sureties must pay it for him. This has been expressly decided in our own State, and also in frequent decisions of the Supreme Court of the United States." The learned judge cites the Boggs case and four cases decided by the Supreme Court of the United States, among which is the case of United States v. Prescott, 3 Howard, 578.

In reference to the contention of counsel for plaintiff in error that the Prescott case has been overruled by the later case of United States v. Thomas, 15 Wallace, 337, we can not admit its correctness.

It was laid down in the Prescott case that it was no defense to an action on the official bond of a receiver of public moneys, conditioned to keep safely the public moneys collected by him, that the money was feloniously stolen without any fault on his part.

In the case of the United States v. Thomas this doctrine was so far modified as to sustain a defense based upon the act of God or the public enemy without fault on the part of the defaulting officer. Thomas was surveyor of customs at the port of Nashville, Tenn.

In a suit upon his official bond, he showed that the money was taken by the Confederate States authorities, he at the time being a citizen loyal to the United States. The court held that, the civil war being a public war, the seizure of moneys by the Confederate States authorities without fault or negligence on the part of Thomas was a sufficient discharge of his obligations as to said moneys. This decision does not overrule the Prescott case. It does modify that case in holding as a good defense in such a case that the money was lost by the act of God or the public enemy. In the Thomas case the court recognizes the doctrine that neither theft nor robbery would be a good defense to such a suit. 15 Wall., 349.

The opinion of Judge Willie in the Wilson case above quoted was decided in 1887, fifteen years after the decision of the Supreme Court of the United States in the Thomas case, and both the Prescott case and the Thomas case were called to his attention in the briefs of counsel.

The Supreme Court evidently did not think the principle announced in the Prescott case overruled by the Thomas case; or if the court did so think, they still adhered to their former ruling as announced in Boggs v. State.

The conflict in the decisions of the different States seems to arise from the difference in the wording of the statutes prescribing the conditions of the bonds of officers and their duties.

In the State of Maine the officer made by statute the custodian of public money sustains the relation of a bailee for hire. Cumberland v. Pennell, 69 Me., 357; same case, 31 Am. Rep., 284.

This seems to be the relation that such an officer sustains in the State of Alabama. State v. Houston, 78 Ala., 576; same case, 56 Am. Rep., 59. So also in the State of Tennessee. State v. Copeland, 34 S. W. Rep., 427.

As stated by Chief Justice Willie, such an officer does not sustain that relation in this State. He is bound to account for and pay over the public moneys, less his commissions, or his sureties must pay it for him.

It follows that there is no error in the judgment of the lower court, and it is affirmed.

<em>Affirmed.</em>

Writ of error refused.