MAX SCHUTZ v. W. H. BURGES ET AL.

Decided April 15, 1908.

**1.—Assignment for Creditors—Contesting Claim.**

Under the statute concerning assignments for the benefit of creditors, a claim allowed by the assignee cannot be contested after eight months from the time of the first publication of the notice of the assignment.

#### 2.—Same—Allowance of Claim—Effect.

A statutory assignee has a certain discretion in the allowance of claims presented to him by creditors. An allowance by him makes a *prima facie* case in favor of the claim, and throws upon the assignor and other creditors the burden of contesting his action. An assignee would not be protected in the allowance of a claim which he knew to be fraudulent or excessive.

#### 3.—Same—Contesting Claim—Laches.

The failure or refusal of a statutory assignee to furnish to the assignor information concerning claims allowed by him is no excuse for a failure on the part of the assignor to contest such claims within the time prescribed by the statute. The statute guarantees to the assignor and creditors the right to take a copy of any creditor's statement of his claim, and the desired information could be obtained in this way.

#### 4.—Same—Illness of Assignor—Limitation.

The illness of a party will not suspend a statute of limitation, and hence the illness of a statutory assignor is no excuse for a failure to contest a creditor's claim within the time prescribed by the statute.

#### 5.—Same—Closing Estate.

While the statute does not prescribe any particular time within which a statutory assignee must make report of his proceedings under the assignment and close the estate, doubtless a court of equity would compel him to do so if he unnecessarily delayed taking such action.

#### 6.—Same—Action Against Assignee—Pleading.

In an action against a statutory assignee and his bondsmen to compel the assignee to restate his account; to pay over to creditors any balance in his hands; to reduce the amount of claims allowed by him to various creditors, and for damages, petition of plaintiff considered, and held subject to special exception as to the reduction of claims allowed.

#### 7.—Same—Remedies and Proceedings.

Parties interested in a statutory assignment for the benefit of creditors are confined to the remedies prescribed by the statute. Common law rules and remedies are not applicable.

#### 8.—Same—Removal of Assignee—Pleading.

In an action by an assignor to compel an accounting, and to remove an assignee under an assignment for the benefit of creditors, pleading considered, and held sufficient as against exceptions urged thereto.

#### 9.—Same—Statute Constitutional.

The provisions of article 85 of the Revised Statutes, concerning the compensation and expenses of an assignee for the benefit of creditors, are not subject to the objection that the same deprive parties of a trial by jury, and are, therefore, unconstitutional.

#### 10.—Same—Failure to Close Estate—Damages.

A claim by an assignor against a statutory assignee for damages because of delay on the part of the assignee in closing the estate cannot be sustained. Such damages would be too remote.

#### 11.—Same—Attorney's Fee, when Not Allowed.

An attorney's fee should not be allowed a creditor in a statutory assignment when his claim was not, in fact, placed in the hands of an attorney for collection.

Error from the 41st Judicial District, El Paso County. Tried below before Hon. J. M. Goggin.

*Beauregard Bryan* and *R. V. Bowden,* for plaintiffs in error.

*Turney & Burges,* for defendants in error.

FLY, ASSOCIATE JUSTICE.—This is a suit instituted by plaintiff in error, who, for brevity, will hereinafter be denominated plaintiff, against W. H. Burges, W. W. Turney, J. F. Williams and U. S. Stewart, defendants in error, to require a restatement of the account of W. H. Burges, assignee of the estate of plaintiff; to compel him to pay over to creditors any balance remaining in his hands; to reduce the allowances for accounts and, should he fail to do so, that he be removed as assignee, and that plaintiff recover of him and the other defendants, being sureties on his bond, the sum of $20,000. There were sixteen special exceptions to the petition all of which were sustained by the court, and that action is the subject of this writ of error.

The petition alleged the execution and delivery by appellant of a deed of assignment for the benefit of his creditors, conveying all his property, real and personal, to W. H. Burges, the acceptance of the same by him and the execution and approval of a bond with the other defendants as sureties thereon. It was then alleged as follows:

"Plaintiff further shows that, as shown by exhibit 'B,' said assignee allowed each and every claim presented to him for a sum in excess of that for which each should have been allowed, either by the allowance of interest thereon or in some manner not made clear to plaintiff and which does not appear in said report filed by said assignee; and plaintiff says that instead of allowing said claims for the amounts above set out as shown by said assignee's report they should have been allowed for the respective sums shown in exhibit 'B' as shown in the third column above mentioned, or else said assignee should be charged with the excess by him allowed on said claim, respectively, which latter plaintiff desires to have done.

"Plaintiff further shows to the court that at the time he executed said assignment and at the time said claims were presented to said assignee and for a long time thereafter, this plaintiff was dangerously ill and not able to transact business of any character or to give any attention to said assignment, and the claims presented to said assignee thereunder; that after his recovery from said illness he repeatedly demanded of the said Wm. H. Burges, assignee, to be informed as to the claims presented to said assignee by virtue of said assignment and of the respective allowances thereon, but the said Burges, although promising to give him said information, for one reason or another failed so to do, and this plaintiff never had any knowledge of what claims had been allowed by said assignee nor of the respective amounts allowed thereon until the filing of the report of said assignee in this court in this cause, and plaintiff, therefore, never had any opportunity to file exceptions to said claims or allowance thereof, and he now excepts to same and each and every one of same, says that they should have been allowed for the respective sums shown in the third column of said exhibit 'B' and no

more; and further states to the court that but for the conduct of said assignee in failing to disclose to him the respective amounts of said claims and the sums for which they were respectively allowed and thus keeping him in ignorance of all said claims he would have long since excepted to said claims, respectively, and the allowance made thereon by said assignee, and this being his first opportunity to make such exceptions, he prays the court that same be now heard and he have such relief against the action of said assignee as to the court may seem proper."

The first exception was that the petition was insufficient in its complaint in connection with the allowance of claims by the assignee because under the provisions of articles 78 and 82 of the Revised Statutes no duly verified claim can be disputed unless done within eight months from date of assignment and there was no allegation that any claim was disputed in that time, and because it was not shown wherein the claims were excessive. The sustaining of the exceptions is made the subject of the several assignments of error.

Article 78 referred to prescribes what is essential in proof of a claim by a creditor consenting to an assignment, and in article 82 it is provided that when a statement of a creditor has been verified and filed, as provided in article 78, it shall be *prima facie* evidence to justify its allowance by the assignee as a valid claim against the estate, and he shall so allow it, and the creditor shall be allowed his proportional share of the estate, unless the assignor or other creditor, disputing the same, shall within sixty days after the expiration of the time in which creditors are allowed to file their claims, institute an action to set aside the allowance and to restrain payment of the claim, and shall be successful in his suit. The limit in which claims may be allowed by the assignee is six months from the time of the first publication of notice of the assignment. It follows that an allowed claim could not be contested after eight months from the time of the first publication of the notice of the assignment. It was said by this court in the case of Briam v. Sullivan, 66 S. W., 572: "Under a proper construction of article 82, Sayles Civ. Stats., the assignee is not compelled to allow a claim that he knows to be illegal; but, by its provisions, proof of the claim of a creditor as provided by law will justify the allowance of the claim, and give the creditor a right to his proportional share of the debtor's estate. The statute does not rob the assignee of all discretion, but, under certain circumstances, justifies his action and forces a contest of the claim on the assignor or disputing creditor." While the statute is intended for the protection of the assignee in the allowance of claims, he would not be protected in the allowance of claims known by him to be fraudulent or in excess of the true amount, but in this case there is no allegation that the claims allowed were fraudulent and there is nothing to intimate in what the excess consisted except that it is intimated that interest on the claims was allowed, without an allegation that the interest was not proper or legal.

If the illness of appellant could under any circumstances excuse a failure to comply with the law, the length of the sickness is not shown, and the petition is also indefinite as to when the demand

was made of the assignee for information as to the claims presented to him and the amount of the allowances: There is not an allegation in the petition that fixes the time of the request at any period within the statutory eight months. We doubt if a refusal of the assignee to show appellant the books could be urged as an excuse for a failure to attack any claim of a creditor within the prescribed time, because appellant could have applied to a court to compel an exhibition of the books and accounts by the assignee to him, and that action he failed to take. The law provides that the assignee shall allow the assignor and creditors to take a copy of any creditor's statement of his claim, but there is no allegation that permission to make such copy was demanded and refused. The assignee could be compelled by mandamus to allow the making of such copy by the assignor or a creditor.

The allegation as to the demand for information concerning the allowed claims was insufficient and formed no basis for action. The statute does not provide for information to be given, as to the assignee's actions on claims, to the assignor or any creditor, the only provision being as to the right to copy any claim sought to be disputed, and if there were provision for requesting and obtaining such information, appellees had the right to be given notice as to when such demands were made and a failure to give such notice subjected the petition to attack through a special exception.

No time is prescribed in which an assignee is required to make a report of his proceedings under the assignment, but it is provided that when he desires to be finally discharged "he may make a report of his proceedings under the assignment, showing the moneys and assets that have come into his hands, and how the same have been disbursed and disposed of." If an assignee unnecessarily delayed the closing out of the estate and the filing of his report, no doubt a court of equity would compel him to perform those duties, but the mere fact that three or more years may have elapsed between his appointment and final report would not of itself form the basis of a suit.

Under the terms of an assignee's bond he is to faithfully discharge his duties as assignee, and make proportional distribution of the net proceeds of the assigned estate among the creditors entitled thereto, and a suit on a breach of such bond would be entertained, if instituted at any time within twelve months after the assignee's report had been filed. If he had been unfaithful in fraudulently allowing accounts for more than he should have done, plaintiff should have so stated and should have pointed out wherein the excess lay. He does not do this when he alleges that he allowed every claim "for a sum in excess of that for which each should have been allowed, either by the allowance of interest thereon or in some manner not made clear to plaintiff and which does not appear in said report filed by said assignee." Claims usually bear interest which should be allowed, and there is nothing in the allegations to show that there was any improper allowance in this respect. Defendants had the right to demand a distinct allegation as to the unfaith-

fulness of the assignee and an indication of what the excess consisted.

If the eight months prescribed in the statute for attacks upon claims be classed as any other statute of limitations, which to be availed of must be specially pleaded, still the rule that limitation of an action can be presented by special demurrer, as in other cases, would apply in this when the petition shows the bar of the statute. There is a virtual admission in the petition that no action was taken by appellant during the eight months after the first publication of notice of the assignment, and it is sought to avoid the force of the period of limitation by giving excuses for not acting sooner. In the petition it is alleged that the assignment was made on June 6, 1902, that the assignee immediately qualified and took possession of the property and entered upon the execution of the assignment, and that the creditors in the time provided filed their claims, and that on April 9, 1903, a distribution of certain funds was made among the creditors. The allegations show that years had elapsed between the filing of the claims of the creditors and the institution of this suit, and there is an admission that there was no exception to the allowing of the claims until the present suit was brought, in the latter part of the year 1905. The petition showed on its face a failure to contest any claim within the statutory time and could be attacked on that ground through special exceptions. Alston v. Richardson, 51 Texas, 1; Gathwright v. Wheat, 70 Texas, 740. We know of no law that checks the running of statutes of limitation on account of sickness of the party against whom they would otherwise run. What has been stated disposes of assignments of error first to eight inclusive.

The ninth assignment of error will be overruled. The statute does not prescribe the time in which a report shall be filed by an assignee, and the allegation that a report had not been filed until it was required by the court showed no cause of action.

Article 86, Revised Statutes, is not in conflict with article 82, and does not authorize a suit against an assignee within twelve months after his final report is filed in regard to the allowance of claims against the estate of the assignor. The only provision for attacking an allowance of a claim is found in article 82, and that must be done within sixty days after the expiration of the six months provided for in article 78. The statute does not permit an assignor to sit by and see the allowance of a claim and its payment, in whole or in part, by the assignee, and then allow him to institute a suit to recover of the latter the money paid out. The statute is to protect him against just such proceedings. As said in Wynne v. Simmons Hardware Co., 67 Texas, 40: "The assignment under which the assignee was acting was made under a statute, the express provisions of which must determine the rights and duties of all persons interested in the estate to be administered under it. The statute, where clear and unambiguous, read in the light of the subject to which it relates, gives the measure of right to all who take benefits under it and prescribes the duties of the trustee."

The statute enjoins upon the assignee the duty of allowing a properly verified claim presented within the time prescribed, and provides the only manner of attack upon an allowed claim, by the assignor or a

creditor, and that method must be followed. Appellant has no remedy under the rules applicable to common law assignments, but must pursue the remedies laid down in the statute. Schooler v. Hutchins, 66 Texas, 324; DeWalt v. Zeigler, 9 Texas Civ. App., 82.

Under the terms of article 84, of the Revised Statutes, "If any assignee becomes unsuitable to perform the trust, refuses or neglects so to do, or mismanages the property, the county judge or judge of the District Court may, upon application of the assignor or one or more of the creditors, upon reasonable notice to all parties interested, by publication or otherwise, as such judge may direct, remove such assignee." Now, while there are allegations in the petition which have no place in a proceeding to remove an assignee, under the cited statute, yet there are allegations of a failure to distribute the funds as required in article 85; of favoritism in the disbursement of the funds; of a failure to protect the estate by refusing to carry out the terms of the lease to Mrs. Hammett, as by failure to rent the premises for their full value; of a failure to collect accounts that were collectible; of a failure to account for certain sums collected by the assignee; of an agreement made by the assignee by which a distribution of the funds was withheld in order that a certain bank should have the use of the money of the estate for an unreasonable length of time, and those allegations would be sufficient to admit proof as to the mismanagement of the estate by the assignee. It follows that the court erred in sustaining exceptions to allegations as to the points mentioned. Wynne v. Simmons Hardware Co., 67 Texas, 40.

There is no allegation that the estate had been fully administered and that the assignee had failed and refused to make the report contemplated in article 86, Revised Statutes, and while there is no provision in the statute for compelling an accounting, we do not doubt that the courts, under their equity powers, could compel an accounting by an assignee whenever it should be shown that the interests of the assignor or the creditors demanded it. We are of opinion, therefore, that the petition alleged sufficient to justify a court in requiring an accounting on the part of the assignee. Windham v. Patty, 62 Texas, 490; Blum v. Wettermark, 56 Texas, 80. We think, therefore, that the ninth assignment of error, which complains of the action of the court in sustaining the eighth exception, is well taken.

The twenty-first assignment can not be sustained because there was no allegation that any final report had been filed by the assignee. The third proposition thereunder is totally foreign to and has no connection with the assignment.

There is nothing in the provision of article 85, to the effect that "the assignee shall be entitled to reasonable compensation for his services and his necessary costs and expenses including also his attorney's fees, all to be allowed, in case of difference between the parties, by the County Judge or judge of the District Court," which would prevent an assignor or creditor from questioning the amount of commissions charged by the assignee, at any time before the expiration of twelve months from the time the final report is filed. There is nothing in the contention that the article in question deprives parties

of a trial by jury and is therefore unconstitutional.  Boggs v. State, 46 Texas, 10.

The ninth, tenth and eleventh assignments of error are not copied into the brief and will not be considered.

If the claim of the First National Bank was not, as alleged, placed in the hands of an attorney for collection, attorney's fees should not have been allowed by the assignee, and the exception should not have been sustained to that part of the petition alleging the payment of attorneys' fees in a case where the claim had not been placed in the hands of an attorney for collection.  The allegation as to the attorneys' fees in connection with claims of Long and Solomon is so uncertain and vague that the exception to it was properly sustained.

The twentieth assignment of error attacks article 86, Revised Statutes, in regard to a provision not embodied in it.  We suppose article 85 was intended, and the assignment has been answered herein.  There is nothing in the claim that the latter article is unconstitutional.  It does not deprive anyone of a trial by jury.  We are of the opinion that appellant has the right to inquire into the justness of the commissions charged by the assignee in a suit of this character.  There is nothing in the article in question that requires a contest in regard to the compensation of the assignee to take place at the time of a distribution of funds among the creditors.  Such contest could be made at any time before the expiration of twelve months from the filing of the final account.

The court did not err in sustaining the exception to that part of the petition which alleged that appellant had been prevented, by the failure of the assignee to close up the affairs of the estate, from entering business, and that appellant had been damaged thereby in the sum of $20,000.  The allegations stated no cause of action against the assignee, and such damages would be too remote.

For the reasons given the judgment is reversed and the cause remanded.

*Reversed and remanded.*