

# THE ATTORNEY GENERAL
## OF TEXAS

June 9, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. JM-1055

Re: Liability of a county tax assessor-collector for the loss of public funds (RQ-1608)

Dear Mr. Driscoll:

You ask whether a county tax assessor-collector may be relieved of personal liability for the loss of public funds if the commissioners court determines after an investigation that the funds were lost without negligence. You further ask whether the county tax assessor-collector may be reimbursed for personal funds used to replace lost funds upon such official establishing that the loss is due to a reason other than negligence. We understand you to refer to a shortage of funds already collected by the county tax assessor-collector, rather than to any failure on his part to collect a fee or commission that he is required by law to collect.[1]

Historically, Texas courts have enforced strictly the obligation of a public officer to account for and pay over

---

1. Section 154.009, Local Government Code, permits a commissioners court, after a hearing, to deduct the amount of a fee or commission from the salary of any district, county, or precinct officer, if the commissioners court finds that that officer failed, through neglect, to collect that fee or commission that the officer is required by law to collect. Because you ask about a situation involving a loss of public funds that have already been collected and were in the custody of the county tax assessor-collector, rather than a situation involving any alleged failure to collect a fee or commission that the county tax assessor-collector is required by law to collect, any reliance upon section 154.009, Local Government Code, is inapposite.

to the proper custodian the  public money that he  receives.
See, e.g., Bexar County v. Linden, 220 S.W. 761 (Tex. 1920);
Poole v. Burnet  County, 76 S.W.  425 (Tex. 1903);  Attorney
General Opinions JM-517 (1986); H-360 (1974).  An  official,
or his surety,  was not  relieved of liability,  even in  an
instance in which the money was stolen by robbers through no
fault of the official.  See Coe v. Foree, 50 S.W. 616  (Tex.
Civ. App. 1899, writ ref'd).  Section 6.275 of the Tax  Code
constitutes an exception to this long-held rule.

Section 6.275 of the Tax Code provides:

> A county assessor-collector is not person-
> ally liable for the  loss of public funds  in
> the custody of the assessor-collector or  the
> assessor-collector's office _if a  district
> court enters a declaratory judgment that  the
> loss is due to a reason other than the negli-
> gence or misconduct of the  assessor-collect-
> or_.  (Emphasis added.)

H.B. 95, Acts 1987, 70th Leg., 2d C.S., ch. 37, § 1, at  125
[hereinafter H.B. No. 95].  Section 2 of H.B. No. 95 further
provides:

> The addition by this Act of Section 6.275,
> Tax Code, relating to the release of a county
> assessor-collector  from  liability  for  the
> loss of  funds, applies  only  to a  loss  of
> funds occurring  on  or after  the  effective
> date of this  Act.  _Liability for  a loss  of
> funds occurring before the effective date  is
> governed by the law in effect at the time  of
> the loss, and the former law is continued  in
> effect for this purpose_.  (Emphasis added.)

The effective  date of  section  6.275, Tax  Code,  was
October 20, 1987.  You do  not indicate in your request  for
an opinion whether the loss  of public funds occurred  prior
to the  effective date  of the  section.  If  such were  the
case, of course, the county tax assessor-collector would not
be relieved  of personal  liability by  section 6.275.   For
purposes of this opinion, we  assume that the loss of  funds
occurred after  the effective  date  of section  6.275,  Tax
Code, and that section governs.

As originally passed by the House, H.B. No. 95 provided
that a determination that the county tax  assessor-collector
is not personally liable could be made by the  commissioners
court upon a finding that the loss was due to a reason other

than the negligence or misconduct of the assessor-collector. However, the senate amended H.B. No. 95 to provide that such a finding must be made by a district court pursuant to a suit under the Uniform Declaratory Judgment Act, rather than by a commissioners court. As amended by the senate, H.B. No. 95 was approved by the House and then passed by the senate.

You ask whether a suit under the Uniform Declaratory Judgment Act must be filed in district court pursuant to section 6.275 of the Tax Code, even in a situation in which the commissioners court agrees with the county tax assessor-collector that the loss was not due to the county tax assessor-collector's negligence. We conclude that, by the clear terms of the section, such a suit must be filed, regardless of whether the commissioners court agrees that the county tax assessor-collector is not negligent.

You contend that, to construe section 6.275, Tax Code, to require a hearing before a state district judge under the Uniform Declaratory Judgment Act, would serve to circumvent the evident intention of the legislature when it enacted the section. You argue that the purpose of the Uniform Declaratory Judgment Act is remedial and that it is inapplicable in the event that there is no real dispute or controversy at issue. See, e.g., Firemen's Ins. Co. v. Burch, 442 S.W.2d 331 (Tex. 1968); California Products, Inc. v. Puretex Lemon Juice, Inc., 334 S.W.2d 780 (Tex. 1960). You assert that, in an instance in which neither the county tax assessor-collector nor the commissioners court disagrees as to whether the county tax assessor-collector was negligent, there is no dispute in controversy:

> If it is uncontroverted that the county tax assessor-collector was not negligent, no purpose is served by seeking a declaratory judgment in district court. An action for declaratory judgment would lie when a real controversy has arisen and an effective and speedy remedy is sought to determine the rights of parties; without a real controversy, review by the district court would serve no purpose. In situations where the commissioners court has determined that the loss was not due to negligence, and is therefore in agreement with the Tax Assessor-Collector, are the parties required to file a suit in the District Court and expend tax dollars to litigate an undisputed matter? Section 6.275 should be given a reasonable

> construction and not one which would require
> the performance of a useless act and a waste
> of taxpayers' money. In the event that the
> commissioners court determines that the
> county tax assessor-collector was negligent,
> the tax assessor-collector may choose to
> either accept the decision of the commission-
> ers court or bring a declaratory judgment
> action pursuant to Section 6.275. [Citations
> omitted.]

We disagree with your assertion for two reasons.

Commissioners courts have no power or duties except those that are clearly set forth and defined by the Texas Constitution and the state statutes. Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948); Anderson v. Wood, 152 S.W.2d 1084 (Tex. 1941). We have found no provision, either in the Texas Constitution or in the statutes, that purports to authorize a commissioners court to decide as a threshold matter whether a loss of public funds in the custody of the county tax assessor-collector is due to the negligence of that official or whether it is due to some other cause.

Section 113.006 of the Local Government Code and its predecessor statutes relieve the county tax assessor-collector and his surety of responsibility for the safekeep-ing of funds collected from taxes, but only after the funds are deposited as required by law in the county treasury. As we noted earlier, section 154.009 of the Local Government Code empowers a commissioners court to deduct from the sal-ary of a district, county, or precinct officer the amount of a fee or commission that the official was required by law to collect if, after a hearing, the commissioners court finds that such failure was due to neglect. With the exception of section 6.275 of the Tax Code, we have neither found nor have you directed us to any constitutional or statutory provision that sets forth any means whereby a commissioners court may relieve a county tax assessor- collector of his responsibility for the non-negligent loss of public funds in his custody.

Second, we are required to construe statutory provi-sions in such a way as to give effect to the evident inten-tion of the legislature. Gov't Code § 311.021. Texas courts have held that the deletion of a provision in a pend-ing bill discloses a legislative intent to reject the pro-posal. Smith v. Baldwin, 611 S.W.2d 611 (Tex. 1980); Trans-portation Ins. Co. v. Maksyn, 580 S.W.2d 334 (Tex. 1979); Grasso v. Cannon Ball Motor Freight Lines, 81 S.W.2d 482

(Tex. 1935).  As introduced in and passed by the House, H.B. No. 95 conferred authority on a commissioners court to find that a county tax assessor-collector's loss of public funds in his custody is not due to his negligence or misconduct, thereby relieving the county tax assessor-collector of personal liability for the loss. The senate removed the language conferring such authority on the commissioners courts and replaced it with language conferring such authority on a district court pursuant to an action for a declaratory judgment.  The House subsequently agreed to the senate's amendment.  If we were to construe section 6.275 of the Tax Code in the manner that you suggest, we effectively would circumvent the express language of the senate in amending H.B. No. 95 and of the House in agreeing with the senate's amendment.  This we cannot do.[2]

Absent the enactment of section 6.275, Tax Code, an action under the Uniform Declaratory Judgment Act would not lie in an instance in which there was no real dispute of fact between the commissioners court and the county tax assessor-collector.  However, the legislature did enact section 6.275, and by the clear terms of its provisions such an action will lie even in an instance in which there is no dispute as to facts.

Therefore, we construe section 6.275 of the Tax Code to require an action under the Uniform Declaratory Judgment Act, even in an instance in which a commissioners court and the county tax assessor-collector agree that the loss of

---

2.  You rely on El Paso County v. City of El Paso, 357 S.W.2d 783 (Tex. Civ. App. - El Paso 1962, no writ), City of Tyler v. Smith County, 246 S.W.2d 601 (Tex. 1952), and Kingsville Indep. School Dist. v. Crenshaw, 164 S.W.2d 49 (Tex. Civ. App. - San Antonio 1942, writ ref'd w.o.m.) in support of your argument.  None of the three cases is apposite. Those cases addressed the inapplicability of statutes governing eminent domain to situations involving, not an attempt by a political subdivision to comdemn real property owned by an individual, but rather a dispute between two political subdivisions regarding the disposition of real property owned by one of them.  The courts simply declared that the eminent domain statutes, which by their terms involve a dispute between a political subdivision and a private individual, were not applicable in a situation involving the validity of a transfer of real property from one political subdivision to another.

public funds in the custody of the county tax assessor-collector is not through that officer's negligence or misconduct.

Your second question concerns the reimbursement of the assessor-collector upon a determination that such official is not personally liable for the loss of funds in the custody of his office. A review of your brief reflects that this question presupposes the necessity of the assessor-collector repaying the funds (reflected by the shortfall of funds in the office) pending the determination of personal liability.

Our answer to this question is based on an approach you suggest as an alternative in your brief, as follows:

> An alternative approach would be to conclude that the enactment of section 6.275 obviates the practice of requiring tax assessor-collectors to make up shortfalls in official accounts with personal funds. This step may be postponed until a determination is made by the commissioners court, and when necessary by the district court, that the tax assessor-collector is liable for the lost funds.

We construe section 6.275 to provide that the filing of a suit to determine whether "the loss is due to a reason other than the negligence or misconduct of the assessor-collector" stays the necessity of the assessor-collector paying the amount of the shortfall from his personal funds pending judgment of the court. As heretofore noted, such suit must be filed in the district court pursuant to section 6.275, rather than left to the determination of the commissioners court. If we construed section 6.275 to require payment of the shortfall prior to the determination of liability by the court, we would defeat the apparent legislative intent to relieve the assessor-collector of the possible heavy burden of prepaying large sums of money pending judgment of the court. Personal liability results absent a finding by the district court that the loss was not occasioned by negligence or misconduct by the assessor-collector. We believe this construction is consistent with the stated purpose of H.B. No. 95, as set forth in the bill analysis, to release the county tax assessor-collector from personal liability upon a determination that the loss is not based on the negligence or misconduct of such official.

## S U M M A R Y

Section 6.275 of the Tax Code provides the exclusive method for relieving the county tax assessor-collector of personal responsibility for loss of funds in his custody or the custody of his office. The assessor-collector is not required to prepay any shortfall pending the determination of the district court regarding negligence or misconduct of such official.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General