

## Office of the Attorney General
### State of Texas

DAN MORALES
ATTORNEY GENERAL

February 21, 1995

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002-1891

Opinion No. DM-324

Re: Whether a justice of the peace may contract with his or her employees to assume liability for shortages, and related questions (RQ-489)

Dear Mr. Driscoll:

You inform us that the Risk Management Department of Harris County has recommended that a particular justice of the peace adopt an office policy providing that employees who handle money will assume liability for any shortages. It is suggested that the judge's employees sign an authorization consenting to the policy and that they be held accountable for shortages through some means such as payroll deductions. In connection with this proposal, you ask the following questions:

> May a justice of the peace contract with his or her employees to assume liability for shortages?
>
> If so, by what means can he enforce such agreement?

Article XVI, section 61 of the Texas Constitution provides that "[a]ll fees earned by district, county and precinct officers shall be paid into the county treasury." A public officer who collects public funds "is bound to account for and pay over the money he collects." *Coe v. Foree*, 50 S.W. 616, 618 (Tex. Civ. App. 1899, writ ref'd) (holding county treasurer liable for county funds stolen through no fault of the treasurer's). The duties of a public officer entrusted with public funds "are prescribed . . . by the law and by the terms of his bond." *Poole v. Burnet County*, 76 S.W. 425, 427 (Tex. 1903). Pursuant to section 27.001 of the Government Code, a justice of the peace must give bond conditioned that he will "promptly pay to the entitled party all money that comes into the justice's hands during the term of office." Thus, a justice of the peace, like other public officers, is strictly liable for the money that is actually collected by him. *Id.* at 427; *Coe*, 50 S.W. at 618; Attorney General Opinion JM-517 (1986); *see* Attorney General Opinions JM-1055 (1989) (discussing statute that may relieve county tax assessor-collector of liability for loss of public funds); JM-398 (1985) (finding county liable for reimbursing county jail inmates for money stolen by escaping prisoner); H-360 (1974) (finding district clerk liable for trust funds that "mysteriously disappeared" from clerk's possession). *But see* Local Gov't Code § 157.903 (authorizing commissioners court to indemnify a county officer against personal liability for loss of county funds if loss did not result from officer's negligence or criminal action).

Section 112.052 of the Local Government Code makes the justice of the peace liable for funds that he was required to collect:

> (a) A fine imposed or a judgment rendered by a justice of the peace shall be charged against that justice.
>
> (b) The justice may discharge the indebtedness by:
>
> > (1) filing with the county clerk the county treasurer's receipt for the amount of the indebtedness;
> >
> > (2) showing to the satisfaction of the commissioners court that the justice has used due diligence to collect the amount without avail; or
> >
> > (3) showing to the satisfaction of the commissioners court that the indebtedness has been satisfied by imprisonment or labor.

Thus, the justice of the peace must pay to the county treasurer the money deriving from fines imposed and judgments rendered, unless he can discharge this indebtedness by making the showing required by subsection (b)(2) or (3) of section 112.052. The commissioners court may deduct an uncollected fee or commission from the justice of the peace's salary if it finds that he has failed through neglect to collect a fee or commission that he is required by law to collect. Local Gov't Code § 154.009; *see Eguia v. Tompkins*, 756 F.2d 1130 (5th Cir. 1985) (upholding collection of fees from justice of the peace under section 154.009 of Local Government Code); *Harris County v. Schoenbacher*, 594 S.W.2d 106 (Tex. Civ. App.--Houston [1st Dist.] 1979, writ ref'd n.r.e.) (holding that chief juvenile probation officer was employee and therefore was not liable under predecessor of Local Government Code section 154.009 for failure to pay fees into county treasury).

The justice of the peace may not free himself from his common law and statutory liability for collecting funds and paying them to the county treasurer by attempting to delegate such liability to his employees. *See Newsom v. Adams*, 451 S.W.2d 948 (Tex. Civ. App.--Beaumont 1970, no writ); *Moody v. Texas Water Comm'n*, 373 S.W.2d 793 (Tex. Civ. App.--Austin 1963, writ ref'd n.r.e.); *Wagner v. Urban*, 170 S.W.2d 270 (Tex. Civ. App.--Amarillo 1943, no writ); Attorney General Opinion H-386 (1974). Nor may he contract with his employees to transfer his liability to them. Attorney General Opinion JM-856 (1988) (stating that sheriff was responsible for shortage in funds attributable to a deputy).

Although the justice of the peace remains strictly liable to the county treasury for the money he collects, his employees are liable to him under common law for damages they cause him by their own negligence. *See Yarborough v. Fulton*, 78 S.W.2d 247 (Tex. Civ. App.--El Paso 1935, writ dism'd); *Commercial State Bank v. Van Hutton*, 208 S.W.

363 (Tex. Civ. App.--San Antonio 1919, no writ). If the justice of the peace must reimburse the county for shortages of public funds caused by an employee's negligence or misconduct, he may seek damages from the employee. In our opinion, the justice of the peace may require employees to provide, as a condition of employment, a written acknowledgment and acceptance of liability for shortages in collections that are caused by the employee's negligence or misconduct. See Gov't Code § 27.056 (authorizing justice of peace to designate one or more persons to serve as clerk); Local Gov't Code § 151.901 (authorizing commissioners court to enter order to employ secretarial personnel for precinct officer); see also Attorney General Opinions JM-521 (1986) (holding that commissioners court has authority to set conditions of work for persons it employs but not for employees of other elected county officers); M-1197 (1972) (commissioners court does not have authority to set office hours for employees of justice of the peace).

You also ask how the justice of the peace may enforce this agreement against an employee who is responsible for a shortage. In particular, you inquire whether the justice of the peace may withhold the employee's paycheck, or deduct the money from his paycheck.

Since an employee would be liable for his shortages to the justice of the peace individually, and not to the county, there would be no basis for invoking section 154.025 of the Local Government Code, which prohibits drawing a warrant on a salary fund in favor of a person "who is indebted to the state, the county, or the salary fund." See Orange County v. Ware, 819 S.W.2d 472 (Tex. 1991) (withholding of county commissioner's salary for debts created by bail bond forfeiture judgments did not constitute garnishment of current wages); Attorney General Opinion WW-1504 (1962) (holding that predecessor of Local Government Code section 154.025 did not permit withholding of deputy sheriff's salary based on charges that deputy misappropriated funds and on deputy's partial restitution, in absence of judicial decision). See also Attorney General Opinions JM-255 (1984); MW-416 (1981); Letter Advisory No. 57 (1973) (construing former article 4350, V.T.C.S., now section 403.055 of Government Code, prohibiting issuance of warrant to person indebted to state).

This office has held that the county could not authorize payroll deductions from a county employee's salary without express statutory authority. Attorney General Opinion JM-38 (1983). Chapter 155 of the Local Government Code, which authorizes deductions from county employees' compensation for various specific purposes, does not include a provision authorizing payroll deductions for debts owed by county employees. See generally Educ. Code § 2.07 (authorizing voluntary salary deductions from salaries of teachers and school employees as security for indebtedness); Attorney General Opinion JM-53 (1983) (construing section 2.07 of Education Code). Accordingly, there is no authority for the justice of the peace to enforce payment of an employee's debt to him through a deduction from the employee's salary.

## S U M M A R Y

A justice of the peace is strictly liable for paying to the county treasury fees and other funds actually collected by him, subject to statutory remedies. A justice of the peace may not free himself of his liability for collecting funds and paying them to the county treasury by attempting to transfer this liability to his employees, by agreement or delegation. However, if a justice of the peace must reimburse the county for shortages of public funds caused by an employee's negligence or misconduct, the employee is liable to the justice of the peace for the loss. The justice of the peace may require the employee to provide, as a condition of employment, a written acknowledgment and acceptance of liability for shortages in collections that are caused by the employee's own negligence or misconduct. Section 154.025 of the Local Government Code does not authorize enforcement of this agreement by withholding the employee's salary warrant, nor do we find any provision for enforcing it by payroll deduction.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General