BARKLEY ET AL. V. TARRANT COUNTY.

*(Case No. 4024.)*

1. PRACTICE — PLEADING.— The plaintiff moved to strike out defendant's special exceptions, embraced in his third amended answer to plaintiff's original petition, on the ground that they were not filed in due order of pleading, and were filed after plea to the merits. The motion was sustained. On appeal, *held*, that since the previous answers were not contained in the record, this court could not determine whether they were answers of law, which might be amended before plea to the merits, or answers of fact, which would preclude subsequent exceptions, and the presumption would therefore control in favor of the correctness of the judgment of the district court.

2. REPORT OF AUDITOR.— An auditor's report, with reference to matters not properly arising under the pleadings of the parties, should to that extent be excluded from the consideration of the jury.

3. SETTLEMENT OF ACCOUNTS — PRESUMPTION.— The presumption is that a settlement of accounts embraced all prior transactions between the parties except when it is sought to be set aside under appropriate allegations of fraud, accident or mistake.

4. PRACTICE — AUDITOR'S REPORT.— On the coming in of an auditor's report, the defendant gave plaintiff notice to the effect that he would, on

the trial, offer evidence to attack and defeat so many items of the report as were allowed in favor of plaintiff, and so much of the same as disallowed certain items claimed by defendants, specifying their several amounts. *Held*, that the notice should, on exceptions, have been held defective as being too general in its terms.

5. CHARGE OF COURT — PRACTICE.— It is the duty of the court, in the charge to the jury, to evolve from the pleading the true issues arising thereon, and to submit the same to the jury, instead of leaving them to decide for themselves, from the legal effect of the pleadings, what those issues are.

APPEAL from Tarrant. Tried below before the Hon. A. J. Hood.

The case is sufficiently stated in the opinion.

*J. M. Thomason, James H. Burts* and *J. W. Robertson* for appellant.

*Mabry & Carter* for appellee.

BONNER, ASSOCIATE JUSTICE.— This is a suit brought by the county of Tarrant, as plaintiff, against B. F. Barkley, as former treasurer of that county, and the sureties on his official bond, for alleged breaches of the same, in this, substantially, that Barkley, as such treasurer, had received certain funds belonging to the county, and had failed to account for the same, including the amounts of sundry mistakes made against the county in two settlements with the police court, one made April 11, 1872, and the other July 21, 1872.

The defendants answered by special exceptions, general denial, and further, that defendant Barkley had not only fully accounted for and paid over all county funds which had been received by him as such treasurer, but had by mistake overpaid the same to the amount of $2,398.70, for which he asks judgment in reconvention.

During the pendency of the suit J. F. Arnold was appointed auditor, who returned into court his report showing a balance in favor of the county for $6,298.90, and on the final trial,

judgment was rendered for the county for $6,363.48, from which this appeal was taken.

The plaintiff below moved to strike out the special exceptions of defendants, filed September 26, 1879, to plaintiff's amended original petition, filed May 26, 1879, because the same were not filed in due order, but after pleading to the merits.

This motion was sustained, and this is assigned as error.

The record shows that these special exceptions were embraced in defendant's third amended original answer, but the previous answers are not set out, and hence we are not advised as to the character of the same — whether simply answers of law which might be amended before finally pleading to the merits, or answers of fact which would, as a general rule, preclude subsequent exceptions raising questions of law, unless they went to the foundation of the action. R. S., 1268; Drake v. Brander, 8 Tex., 351; Fowler v. Stoneum, 11 Tex., 478; Oliver v. Chapman, 15 Tex., 400.

As presented by the record, we must presume in favor of the judgment below, that the motion to strike out was properly sustained.

The judgment of the court refusing to sustain the sixth and tenth grounds of the motion to set aside the report of the auditor, is also assigned as error.

These grounds of this motion relate solely to alleged errors of the auditor upon questions of fact, and the evidence which was before him is not shown in the record by bill of exceptions or otherwise. The bills of exception purporting to have been taken before the auditor, are not signed by him, and hence are not so authenticated as that we can consider them.

This court will not review, for it cannot do so advisedly, the judgment of the court below, upon a motion to set aside the report of an auditor, unless the matter complained of is apparent upon the face of the report itself, or otherwise properly shown upon the record.

The defendants further assign as error the judgment of the

court overruling their objections to the introduction in evidence of the auditor's report.

There were two objections made to the introduction of this report.

The first was, that upon its face it showed that the sum of $3,500 was allowed therein against defendants, as items of indebtedness taken from Barkley's books as treasurer for 1872, when there was no allegation to this effect in plaintiff's last amended petition.

If the report of the auditor was not in response to the pleadings of the parties, it should, to that extent, have been excluded, and the failure to do so would, if objected to, and assigned as error, be subject to revision in this court; but it is a sufficient answer to the objection here made, to say that plaintiff's last amended pleading was a supplemental petition in the nature of a replication, and that in the previous pleading, and which was relied upon on the trial, there was an allegation that defendants were indebted to plaintiffs, as shown by the books of Barkley, in the sum of $4,233.58. This was a sufficient allegation to have sustained, under proper evidence, the items of $3,500, shown by the treasurer's books, as contained in the auditor's report.

The second objection to the report as evidence was, that the plaintiff had alleged a settlement between the police court and defendant Barkley on July 31, 1872, and it appeared that said above items were entered upon the treasurer's books prior to said settlement, and there was no allegation that they were therein omitted. A settlement between the parties would *prima facie* be presumed to have embraced all prior transactions between them, relating to the same subject matter, and unless the settlement was sought to be set aside by allegations and evidence of fraud, accident or mistake, this presumption would be conclusive.

As regards this second objection, however, we are met with the same difficulty which arises in a previously assigned error — that it is not shown, either upon the face of the re-

port itself or otherwise upon the record, that the objection was well taken.

Although the particular pages of the treasurer's book are given in the report, upon which it is stated that the several items are shown, it does not appear whether the same were prior or subsequent to the settlement of July 31, 1872.

The fourth error assigned is, that the court erred in rejecting the evidence of Cross and Barkley, as shown by bill of exceptions No. 2.

This bill of exceptions shows that the defendants offered to prove by these witnesses, that sundry alleged errors shown by the report of the auditor to have been made in the first settlement of April 11, 1872, were not in facts errors, and to explain why they were not; which testimony was rejected by the court, because the defendants had not specially alleged them to have been errors in their last amended answer, or pointed them out as such, in any pleading after said report was filed.

This will be considered in connection with the fifth assigned error — that the court erred in the following part of the charge to the jury: "Whenever the defendant, in his answer, has averred a different state of facts from that contained in said report (but no further), you are at liberty, if you find those facts so averred sustained by the evidence, to find at variance with the report of the auditor. In all other matters, inasmuch as the auditor's report is in evidence before you, it will be your duty to be governed by the same."

The auditor's report was filed September 15, 1879. Subsequently thereto, the defendants, in addition to the motion to set the same aside, referred to above, filed also:

*First.* An amended original answer, in which, among other things, they pleaded a general denial, and specially that defendant Barkley had made the settlement of date April 16, 1872, with the police court, and that he did at that time pay over the whole amount of every kind of funds which he had received as treasurer to that date.

This allegation was sufficiently comprehensive to have included the items of this settlement alleged in the report of the auditor to have been errors, and to contradict which the testimony of the witnesses Cross and Barkley was offered by defendants.

*Second.* In addition to this, defendants filed a notice to the plaintiff, to the effect that the defendants would, on the trial, offer evidence to attack and defeat so many items of the report of the auditor as were allowed in favor of plaintiff, and so much of the same as disallowed the following items claimed by the defendants: $2,166.70, $1,726, $12, $10 and $3,500.

Had objection been taken to this notice, on the ground that it was too general and set out no reason why the report should have been contested, it would seem that the same should have been sustained.

By analogy to the rules of certainty required in good pleading, the grounds upon which the report of an auditor is intended to be contested in whole or part, should be so specifically set out as to enable the opposite party to come prepared with his evidence touching the matter thus excepted to. Otherwise, as said in Whitehead *v.* Perie, 15 Tex., 12, the beneficial objects intended by the statute would be defeated. R. S., art. 1473. No exception, however, seems to have been taken to the notice of contest, on this or any other ground, and the court in the charge distinctly states to the jury, that the defendant Barkley had by his answer filed since the report came in, "contested and averred a different state of facts in part from those stated in said report, and hence the defendants are not bound by the statements and results shown and contained in said report, as to the special matters and statements controverted by defendants by the answer and evidence going to sustain the same."

If it be conceded, as was done in the charge, that the defendants had properly controverted the report of the auditor by the notice to that effect or by the amended answer, then either of them was sufficiently comprehensive to have admitted

the rejected testimony of Cross and Barkley, and there was error in excluding the same as shown by the bill of exceptions.

Under our practice, it is the duty of the court in the charge to evolve from the pleadings the true issues of fact arising thereupon, and to submit the same to the consideration of the jury, and not to leave them to decide for themselves, from the legal effect of the pleadings, what those issues are.

That part of the charge of the learned judge which is complained of, is, we think, in this respect, objectionable, and as it may have misled the jury, is erroneous.

We are the more inclined to this opinion, as, under the evidence contained in the record, we cannot otherwise well reconcile the verdict of the jury upon the question of the alleged mistake of $2,166.70, claimed to have been made against defendant Barkley, in excess of the amount actually received by him from James, as sheriff, and the failure to find which is one of the grounds for the motion for a new trial.

Judgment reversed and cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 27, 1880.]