## JAMES I. MOORE ET AL. V. THE WACO BUILDING ASSOCIATION.

### No. 1013.

1. **Auditor's Report—Exceptions.**—Article 1473, Revised Statutes, contemplates that an auditor's report shall be admitted in evidence, although exceptions to it are presented. The report when admitted is subject to be contradicted only in matters embraced in the exceptions to the report, or to any items the subject of special objection. The burden is upon the party objecting to show its want of accuracy.

2. **Objections to Auditor's Report.**—It was error to set aside exceptions to the report of the auditor, that it charged the defendants with items of interest (stating them) not charged against them in the pleading.

3. **Same—Pleadings—Practice.**—The statute requires, that a party who wishes to complain of the report must file his exceptions thereto, stating wherein it is erroneous. But this does not prevent the party from amending his pleadings, detailing the facts in the matters objected to. When filed, the exceptions and amended pleading upon the same subject should be considered together in determining what issues were raised by the exceptions to the report.

4. **Parol Evidence—Matters Not Reduced to Writing.**—Where a written contract is silent upon a matter, it may be supplied by parol testimony. See example.

5. **Same—Charge.**—As to issues not controverted, and which are contained in the pleadings and the report, it was proper for the court to charge the jury to find in accordance with the report.

6. **Practice—Matters Not Alleged.**—It was reversible error for the court to charge the jury to find in accordance with the report the items of interest objected to, and which were not claimed in the pleadings.

7. **Limitations.**—In suit upon the bond of the manager of a building association for moneys not paid over, the statute of limitations of four years applies.

8. **Recitals.**—The bonds declared on recited that they were payable to "Thomas Moore, President of the Waco Building Association." He signed as one of the sureties. *Held,* that the recitals were evidence that he was the president, etc.

9. **Practice—Misjoinder of Causes of Action.**—There having been no plea in abatement nor special exceptions for the alleged misjoinder of causes of action, the question can not be raised by requested instruction; and it is not error to refuse such instruction under such conditions.

10. **Remittitur in Court of Civil Appeals.**—Where a remittitur involves the examination of many items, labor by law imposed upon the trial court, this court will not receive it, but will reverse and remand.

ERROR to Court of Civil Appeals for Third District on an appeal from McLennan County.

*John L. Dyer,* for appellants.—1. The court erred in allowing the auditors' report filed herein and made in this case to be read in evidence to the jury over defendants' objections, for the reason, that the defendants had filed objections to said auditors' report, which objec-

tions of defendants to said auditors' report rendered the same inadmissible in evidence. Rev. Stats., art. 1473; Kendall v. Hackworth, 66 Texas, 506; Boggs v. The State, 46 Texas, 14; Richie v. Levy, 69 Texas, 135; Bupp v. O'Connor, 21 S. W. Rep., 619; Whitehead v. Perie, 15 Texas, 17.

2. The court erred in striking out appellants' first, third, and fourth exceptions to the auditor's report. [See opinion.] Boggs v. The State, 46 Texas, 10; Richie v. Levy, 69 Texas, 136; Kendall v. Hackworth, 66 Texas, 506; Dwyer v. Kalteyer, 68 Texas, 559; Hughes v. Cristy, 26 Texas, 233; Barclay v. Tarrant County, 53 Texas, 25.

3. The court erred in excluding testimony offered to controvert the auditors' report in matters attacked by the exceptions to said report in amended answer. Rev. Stats., art. 1473; Meriweather v. Whitley, 38 Texas, 525; Barclay v. Tarrant Co., 53 Texas, 252; Kendall v. Hackworth, 66 Texas, 506; Boggs v. The State, 46 Texas, 14; Richie v. Levy, 69 Texas, 135; Bupp v. O'Connor, 21 S. W. Rep., 619; Parsons v. Able, 19 Texas, 448.

4. There was a misjoinder of causes of action, and attention was asked to the defect by instruction, which was refused.

On misjoinder of parties: Johnson v. Davis, 7 Texas, 174; Crane v. Hernstadt, 41 Texas, 616.

On misjoinder of cause of action: Stewart v. Gordon, 65 Texas, 347; Construction Co. v. Meddlegge, 75 Texas, 635; Harrington v. Williams, 31 Texas, 460; Finch v. The State, 71 Texas, 56.

*E. H. Graham* and *L. W. Campbell,* for appellee.—1. The court did not err in refusing to consider the defendants' second amended answer, or to then allow the defendants to make the defenses they sought to make under it, because the issues were made up in the case before it was referred to the auditors. The reference was made on these issues at the instance of the appellants over the objection of appellee, and the findings on those issues were made at the instance of appellants, and appellants were authorized by the order of reference, and under their pleadings and under the law, to make all the defenses before the auditors that they seek to make under the amended answers, and they failed to make them or offer any evidence on them, and it was too late, after the auditors' report came in, to reopen the whole case, as was attempted by this amendment. The award concluded them, except as to items in it particularly and specifically excepted to in the manner and time prescribed by the law. Dwyer v. Kalteyer, 68 Texas, 559; Kempner v. Galveston Co., 76 Texas, 457; Bupp & Robins v. O'Connor & Co., 1 Texas Civ. App., 329; Boggs v. The State, 46 Texas, 14; Kendall v. Hackworth, 66 Texas, 506; Richie v. Levy, 69 Texas, 136; 1 Am. and Eng. Encyc. of Law, 1013, 1014, 1017; Newell v. Executors of Keith, 11 Vt., 219; Graves v. Weeks, 19 Vt., 181; Classan v. Means, 40 Me., 342.

FISHER, Chief Justice.—This is an action by the appellee against James I. Moore and the sureties on his several bonds, running from 1885 to 1890, seeking to hold appellants liable for various sums of money alleged to be due the appellee by appellant Moore, arising out of his management of the affairs of the building association during the time from 1885 to 1890. The matters in controversy embrace numerous and extensive items of account between the parties, as shown by the books of the corporation, which were kept by appellant Moore and his clerks.

The court below appointed auditors to examine into the accounts and books of the concern, and they in due time made their report, showing an indebtedness due by Moore to the association of $35,703.07, for which the appellee obtained judgment except as to four items embraced in the report.

1. The appellants contend, in their first assignment of error, that the report was not admissible in evidence, because they, before the trial, had filed exceptions and objections to the report. The appellants, prior to the trial, submitted in writing four objections to the report of the auditors. All of the objections except one were held by the trial court as insufficient, and as to that one it was submitted as a controverted issue to the jury, who found in appellants' favor as to the items complained of.

The provision of the statute relating to the appointment of auditors and their duties, and the manner of excepting to the report, is as follows:

"Art. 1471. Whenever, in any suit, it shall appear that an investigation of accounts or examination of vouchers is necessary for the purposes of justice between the parties, the court shall appoint an auditor or auditors to state the accounts between the parties, and to make report thereof to the court as soon as may be.

"Art. 1472. The report of the auditor shall be verified by his affidavit, stating that he has examined carefully the state of the account between the parties, and that his report contains a true statement thereof, so far as the same has come to his knowledge.

"Art. 1473. The report of the auditor shall be admitted in evidence, but may be contradicted by evidence from either party, where exceptions to such report, or of any items thereof, shall have been filed before the trial." Sayles' Civ. Stats.

Article 1473 clearly contemplates that the report shall be admitted in evidence, although exceptions to the report are presented. As we construe this provision of the law, it means that the report shall be admitted in evidence, subject to be contradicted only as to matters embraced within the exceptions to the report or any items thereof specially objected to; and as to matters not embraced within the exceptions, or if no exceptions are made to the report, it shall be taken as conclusive of the matters reported. The report of the auditors as to the matters embraced within the exceptions was admissible in evi-

dence, subject to be impeached by evidence in support of the objections. The burden, in this respect, we think, under the article of the statute last quoted, was upon those objecting to the report. The trend of the authorities bearing upon this question, we think, supports our construction of the statute. 15 Texas, 17; 46 Texas, 10; 66 Texas, 506; 69 Texas, 138; 76 Texas, 457; 21 S. W. Rep., 620; 68 Texas, 559; 1 Am. and Eng. Encyc. of Law, 1016. There are in some of the cases cited expressions that are simply dicta, that in effect state, that as to the excepted items the evidence thereof must be looked for independent and outside of the report. Of course we do not intend to hold that the report is evidence of items not stated and embraced within the pleadings, for it must follow the pleadings, and can not include items not pleaded (66 Texas, 506; 53 Texas, 254); and if the report embraced any item or demand not pleaded, the court should have excluded it from the jury to that extent. As we reverse the case upon other grounds, we will not go into an examination of the many items stated in the pleadings and those embraced in the report of the auditors in order to learn if the report covers items not pleaded, as doubtless upon another trial the views of this court as expressed will be followed in the disposition of the case.

2. The appellants, after the report of the auditors was filed, presented exceptions thereto in writing, as follows:

" (1) That said report is erroneous on the question of the report of said auditors on their report for interest, on errors and omissions for years 1885, 1886, 1887, 1888, 1889, and 1890; for the reason, that said report is based on facts as respects the question of interest, and makes findings of fact on the question of interest for said years not put in issue by the plaintiff and defendants. The plaintiff in its petition and pleadings only claims interest on certain matters, viz., chiefly on overdrafts of the defendant James I. Moore, and other matters referred to specially in plaintiff's petition, and the auditors assume, in the absence of pleadings, to pass upon and find interest on all balances growing out of, as shown by their report, all daily balances and balances resulting in cases of errors in bookkeeping, etc., and such report of the auditors assumes to find report on the question of interest for the above years on items not set up nor claimed by the plaintiff or the defendant in their pleadings, and because said auditors attempt to report a finding of interest on items and for periods not involved nor put in issue by the pleadings, renders their report on said question objectionable, and prevents same being used in evidence herein. .

" (2) Defendant excepts to the report of the auditors made and filed and entitled by them, 'Errors and omissions in cash book and ledger from January 1, 1885, to December 31, 1885,' and for exception defendants say, that all moneys therein mentioned were well and truly paid to said corporation for its own use, benefit, and behoof; and especially does the defendant say, that the items of $1000 charged to him, growing out of the W. V. Fort transaction, and the same amount

growing out of the transaction with Mrs. L. Garber, and the J. S. Thompson matter of $500, and the amount of $1000 growing out of the Moore and Thompson transaction, mentioned in said auditors' report, are not proper or just charges against him, for the reason, that in truth and in fact, irrespective of the showing made upon the books of said several sums, same went into the assets of the plaintiff corporation, and was had to its use and benefit, and went into its bank account, and was used and had by it, and not by the defendant James I. Moore, and the correctness of the above sums as proper and just charges is specially controverted and contested as just charges against these defendants.

"3. The auditors, as respects their finding on commissions due the defendant James I. Moore for the years 1885 to 1890, inclusive, find against the true construction of defendant's contract with the plaintiff corporation, as interpreted and acted upon by said corporation, and as must be interpreted by this court on a question of legal construction, wherefore defendants object to said auditors' report in toto, on the question of the defendant James I. Moore's compensation as fixed by his contract with plaintiff.

"(4) Defendants object to said auditors' report on the question of their finding as to James I. Moore's liability on profit made on the purchase by the defendant James I. Moore of real estate and the sale of same, and the discounting of notes resulting from such sales and otherwise, for the reason that the auditors, as a matter of fact, fail to find that the plaintiff ever lost anything on said matters, or ever attempted, after knowledge thereof, to claim any benefit arising from such transactions; and for the reason, that if the plaintiff took such notes on discount and lost nothing thereon, and acquiesced in the purchase of said property by said James I. Moore, it now should not be allowed to question such transaction without an affirmative finding that it (plaintiff) lost by such transaction."

And on the same day filed an amended answer fully setting out and making more specific and definite the issues stated in the exceptions to the report, although this amended answer does not mention the auditors' report. The record does not show that any demurrers or exceptions were filed or urged by the appellee to this amended answer or the exceptions to the auditors' report, but the court below, in effect, struck out all of the objections and exceptions to the auditors' report, except the second ground of objection, which was submitted to the jury under the evidence, and they found on that issue in favor of appellants.

We think it was error for the court to strike out these exceptions to the report. The first ground of exception was sufficiently definite and specific. The third and fourth grounds of exceptions, when considered along with the averments of the amended answer, were sufficiently stated; especially is this so when no demurrer or exceptions were addressed to these exceptions to the report or to the averments of the amended answer. The statute requires, that a party who wishes to

complain of the report must file his exceptions thereto, stating wherein it is erroneous; but we do not understand from this that it is the purpose of the law to cut off the right of a party to amend his pleadings and present thereby an issue as to a matter complained of in the exceptions to the report; and when an amendment to this effect is filed along with the exceptions to the report, we see no good reason why it may not be looked to in aid of the statement made in the exceptions, in order that it may be ascertained what issues are raised by the exceptions to the report. The trial court should have heard the evidence offered in proof of the averments contained in these exceptions along with those averments of the amended answer that cover the same grounds stated in the exceptions to the report. If these matters as pleaded are true, they state a good defense to that extent. The contract from which appellant Moore's compensation springs as manager, etc., of the appellee's corporation, is not so fully stated in the record that we can say that it is entitled to the construction placed upon it by the auditors. While the report states that Moore under the contract was entitled to such a per cent of the gross earnings of the concern, and about the meaning of the expression "gross earnings" there may be no ambiguity, but as to what sums and items "gross earnings" relate or apply to can be ascertained, when the contract in this respect is silent, by evidence explaining it in this respect, and by evidence showing the construction of the contract by the parties to it and their acts under it tending to show how they construed it. 17 S. W. Rep., 525. From the meager statement in the record as to the contents of the contract, we are unable to construe it as a matter of law, and if the facts stated in the answer and the exceptions to the report are true on this branch of the case, and the contract does not with certainty designate the sums or items to which the gross earnings relate, then the issue as to the meaning of the contract should be submitted to the jury along with evidence tending to explain it.

3. There was no error under the pleadings and facts in the court's assuming in its charge that James I. Moore was secretary and manager of the building association. In view of what has been said, the other objections to the charge as stated in the fifth assignment of error will not likely occur on another trial, in so far as they may relate to any controverted issue in the case. As to issues that are not controverted, and that are embraced in the pleadings and the auditors' report, it would not be error for the court to instruct the jury to find in accord with the auditors' report. And in this connection we will say, in reference to the questions presented in the ninth and twelfth assignments of error, that the instruction of the court to the jury to find in keeping with the auditors' report and recapitulation sheet, so far as they may embrace items of interest not sued for, and charging the sureties of Moore on his last bond executed for interest accruing for the years prior to the time for which they became obligated as sureties, was erroneous.

4. Limitation was not made a ground of exception to the report, and the plea only embraces the two years' statute of limitation; consequently there was no error in the ruling of the court as complained of in the sixth assignment of error. The suit was upon the bonds, consequently the two years' statute would not apply.

5. No error was committed in refusing the instruction set out in the seventh assignment of error. The bond was made payable to "Thomas Moore, President of the Waco Building Association." This was evidence showing that he was president of the association. The appellants signed these bonds with this recital contained in them. It was an admission of the fact stated.

6. We will not undertake to decide the question presented in the appellants' eighth assignment of error, further than to say that no error was committed in the ruling of the court, because the question was not raised by a plea in abatement or a special demurrer, which we hold was necessary in order to preserve the point. This ruling disposes of the tenth assignment of error.

7. We have in effect disposed of the questions raised in the ninth, twelfth, and thirteenth assignments.

8. Appellee, in order to meet some of the assignments urged by appellants, and some that have been disposed of adversely to appellee in this opinion, offers to remit some of the items that appellants contend they were entitled to have submitted to the jury. As to these items generally, we would have to go into the voluminous report of the auditors in order to ascertain if they were or not correct, and this without the aid of the books of the association or the evidence upon which the auditors acted, which is not in the record; in other words, we would have, in effect, to do the work required to be done by the auditors, and virtually try the case on the facts. This is a labor that we have no inclination to shirk, but it is a duty that does not properly rest upon this court, but upon the trial court. Further, on one of the principal points in the case—the construction to be placed upon the contract of Moore and what he was entitled to thereunder—we are in the dark, and can not say what construction should be given the contract, as the evidence on this issue was excluded, and consequently is not before us. The report of the auditors on this matter may be correct, and all that we can say is, that the trial court erred in refusing to hear evidence tending to show that the report in this matter is not correct.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 9, 1895.