ALTMAN et al. v. POWELL.

(Court of Civil Appeals of Texas. San Antonio. Nov. 8, 1911. Rehearing Denied Nov. 29, 1911.)

COMPROMISE AND SETTLEMENT (§ 23*) — IMPEACHING SETTLEMENT—BURDEN OF PROOF.

One seeking to rescind a settlement of several accounts and many items of indebtedness, on the ground of fraud or misrepresentation, has the burden of proving it.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 91–94; Dec. Dig. § 23.*]

Appeal from District Court, Hartley County; D. B. Hill, Judge.

Action by Henry Altman and another against William Powell. From a judgment for defendant, plaintiffs appeal. Affirmed.

Crudgington & Umphres, for appellants. Moore, Powell & Richards, for appellee.

FLY, J. This case was tried upon a first-amended petition which fails to disclose the names of all the plaintiffs, the name of only one plaintiff and that of the defendant being found in the caption. An amended petition should set forth the names and residences of all the parties, for one reason, among others, that an appellate court should not be compelled to search the record to ascertain the names of parties. We may assume from a recital in the judgment and the appeal bond that H. Altman and Dan McUlvan, appellants, instituted a suit against appellee alleging that on July 26, 1906, appellee executed to them his promissory note for $14,200, with interest, payable quarterly at the rate of 8 per cent. per annum; that the note was secured by a deed of trust of even date, on 640 acres of land, 265¾ acres out of league No. 229, and 205 acres out of league

No. 226, and a chattel mortgage on 460 head of Hereford cattle; that on July 9, 1909, appellee paid on said note the sum of $14,200, which was credited thereon. It was further alleged that on January 2, 1909, appellee executed a note to appellant Altman for $500, and another for $530, said Altman acting for appellants, that appellants paid off a first mortgage on the cattle amounting to $1,000, which appellee should refund, and paid the Channing Mercantile & Banking Company $358.34 for merchandise which it claimed to have furnished to appellee on the credit of appellants, and that appellee thereby became liable to pay appellants that amount. The prayer is for judgment "for the amount of their debts, interest, and attorney's fees due on said note for $14,200, for foreclosure of said deed of trust lien on said tract of land, and for such other and further relief, at law or in equity, general and special, as they may be entitled to receive."

Appellee answered by general denial, and specially that he had paid off and discharged each and every item sued on in the petition, as follows: "On or about March 18, 1908, this defendant paid to plaintiffs $1,971.60, with the request that the same be applied, and which was applied on the payment of the $14,200 note sued on by plaintiff, and on January 8, 1908, this defendant paid plaintiffs $80.60 on said note, and that on or about July 9, 1909, plaintiffs and defendant had a full and complete settlement of all business transactions existing between them, at which time plaintiffs gave defendant credit for $4,360.00, the proceeds of 90 bulls theretofore sold by defendant to one Brite, all of which was applied as payments on the items of indebtedness sued on by plaintiffs. This defendant, also, on said July 9, 1909, sold and delivered to plaintiff's 402 head of Hereford cattle, which was taken and accepted by plaintiffs in full settlement of the balance due on each and every item of indebtedness sued on by plaintiffs. This defendant would further show to the court, that on said July 9, 1909, this defendant also paid plaintiffs and fully discharged one certain promissory note for the principal sum of $20,000, which was also secured by deed of trust sought to be foreclosed by plaintiffs, said deed of trust also having been given to secure the note for $14,200 sued on by plaintiffs, creating a lien on the following described property, to wit: All that part of Capitol League No. 226, described as follows, to wit, being fully described in paragraph 3, Exhibit B. of plaintiffs' petition, and this defendant says that all the indebtedness secured by the deed of trust sought to be foreclosed by plaintiff has been fully paid and discharged, both principal and interest."

In a supplemental petition appellants denied payment of the amounts sued for and alleged "that they would not have accepted the deed of conveyance to said two tracts of land in satisfaction of said $20,000 and interest thereon, but for the claim made at the time by the defendant that said 205-acre tract was his homestead, which claim, plaintiff, Henry Altman, who was acting for plaintiffs, accepted as true, not knowing the same to be false; that said claim so made by defendant was false, and he knew it was false when he made it, and he made said false claim to fraudulently induce said Altman to leave said 205-acre tract out of the deed of conveyance to said Altman."

The cause was tried by the court, without the aid of a jury, and judgment was rendered that appellants take nothing by their suit, that the deed of trust given by appellee be canceled and that appellee recover all costs of the suit.

Appellee admitted the existence of the debts sued for by appellants, and the execution by him of the deed of trust on the land and the chattel mortgage on the cattle, and introduced in evidence a deed to certain lands being all of what is known as the James Stanley survey containing 640 acres and a tract of 265¾ acres of land out of Capitol League 229, executed by appellee to H. Altman on July 9, 1909, the consideration being the cancellation of a $20,000 note given to H. Altman on July 26, 1906. When the deed was executed Altman turned the deed of trust and chattel mortgage over to appellee and accepted the deed in full settlement of the $20,000 note and the $14,200 note, and promised to send the notes to appellee, but failed to do so and sued on the $14,200 note. The $14,200 note and all other indebtedness of appellee to appellants were paid off in cattle, appellee delivering to Altman his entire herd of catte in payment of said note and all other indebtedness. This was admitted by Altman, his only basis for the suit being his assertion that Powell told him that 205 acres was his homestead, and in that way kept Altman from getting that too. At the time that the settlement was had appellee was owing on the two notes about $34,000, and for the cattle delivered to him by appellee he almost immediately obtained $19,160 and had left 905¾ acres of land. There was a full settlement of all matters between the parties when the deed was made and cattle delivered to Altman, who was perfectly satisfied and promised to send releases of the liens on the land, but failed and refused to do so. There was no evidence that tended to show that the 205 acres of land was not the homestead of appellee, nor that he procured the settlement by fraud. The proof affirmatively showed that the 205 acres were the homestead of appellee.

The four assignments of error question the sufficiency of the evidence to show a settlement between the parties and payment of the indebtedness, and are fully answered by the conclusions of fact of this court. The testimony uncontrovertibly established the fact of a full settlement between the parties of

all matters pending between them, and appellants had no ground whatever for a recovery without showing mutual mistake, or fraud upon the part of appellee. In this instance only fraud is claimed in connection with the $20,000 note, while the suit was not upon that note, but upon the $14,200 note and other indebtedness, which the undisputed testimony shows were more than satisfied by the cattle delivered by appellee to appellants. Appellants only seek to go behind their settlement in answer to a prayer on the part of appellee for a cancellation of the lien on the homestead of appellee, their ground of going back of the settlement being that appellee told them that the 205 acres of land was his homestead. Treating the matters as properly pleaded and giving appellants the same benefits as though they had set up a case permitting them to go back of the settlement, the burden was on them, when a settlement was shown, to prove that it was obtained by fraud. Mills v. Johnston, 23 Tex. 309; Rowe v. Collier, 25 Tex. Supp. 253; Barkley v. Tarrant County, 53 Tex. 251.

Appellants instituted a suit on a note, appellee responded, "plaintiffs and defendants had a full and complete settlement of all business transactions existing between them," and introduced proof to sustain the allegation. The burden then rested on appellants to show fraud or mutual mistake in the settlement. This they failed to do.

The judgment is affirmed.