**HILLMAN et al. v. HILLMAN et al.**

No. 8895.

Court of Civil Appeals of Texas. Austin.

Jan. 4, 1940.

Rehearing Denied Jan. 24, 1940.

J. C. Marburger and Edw. H. Moss, both of LaGrange, for appellants.

Amos Peters and W. C. Wofford, both of Taylor, Theo W. Lueders, of LaGrange, and Felts, Wheeler & Wheeler, of Austin, for appellees.

McCLENDON, Chief Justice.

This is a suit in which the five children of Ludwig and Anna Hillman seek a partition of the property they inherited from their parents. Ludwig died intestate some years (date not shown) prior to 1924, leaving Anna and the five children his sole heirs at law. Anna was weak minded and the children took charge of the estate after Ludwig's death, and managed it until it was all disposed of some time prior to Anna's death in 1933. In 1901 they began

keeping account of what each child received, and in 1924 the mother and four of the children (all except Elo Hillman) executed a general warranty deed conveying to Elo two tracts of land, aggregating 316.8 acres, the community property of Ludwig and Anna. The expressed consideration was $10 cash and a note of Elo payable to Anna twenty years after date, or within 90 days after Anna's death, bearing 6% interest per annum from December 1, 1923, payable semi-annually, with a 10% attorney's fee clause in case of default, and secured by vendor's lien upon the conveyed property. The deed contained the following stipulation: " * * * said sum of $5,500 shall after the death of our mother Anna Hillman be placed in hotch potch, together with all other indebtedness due the estate of Ludwig Hillman, deceased, and Anna Hillman, which other indebtedness was heretofore verified in writing by each of the respective heirs at law of Ludwig Hillman deceased and children of Anna Hillman, within a reasonable length of time not to exceed six months after the death of our mother Anna Hillman there shall be an equal division made of all personal and real property owned by the estate of Ludwig Hillman deceased and Anna Hillman to be divided in five equal parts, between Henry Hillman, Annie Malek, L. H. Hillman, W. F. Hillman, and Elo Hillman, conditioned as hereinbefore specified. And for the further consideration that the said Elo Hillman shall board, ('that is room and board our mother Anna Hillman') for which he shall be allowed the sum of Twenty-five Dollars, per month from the first day of December A. D. 1923, twelve months of which said sum shall be credited toward his $5,500 note, toward the yearly interest and the deficit of $30 to be paid her, our mother, Anna Hillman, at the end of each succeeding December 1st thereafter while he keeps (that is board and rooms our mother) and not otherwise. The principal of the within before described note is not payable nor acceptable until after twenty years from the first day of December, A. D. 1923, unless our mother should die previous thereto."

In 1927, a correction deed was executed by the four children grantors (the mother not joining), in which the only material differences from the 1924 deed are contained in the following quotations. Instead of the above-quoted stipulation the following appears: "Said sum of $5,500 vendor's lien note shall be paid by Elo Hillman and said sum of $5,500 shall within ninety days after the death of our mother Anna Hillman, together with all other claims due the estate of Ludwig Hillman, deceased, and Anna Hillman, after the later departs this life, or within a reasonable length of time not to exceed six months, after the death of our mother Anna Hillman, there shall be an equal division made of all the other personal property owing said estates of Ludwig Hillman deceased, and due said Anna Hillman after she departs this life including the payment of the $5,500 note herein before stated, shall be placed in hotch potch and shall be divided in five equal parts between Henry Hillman, Annie Malek, L. H. Hillman, W. F. Hillman, and Elo Hillman, and for the further consideration that the said Elo Hillman shall board, room and care for our mother for which he shall be allowed the sum of $25 per month, from the first day of December A. D. 1923, twelve months of which said sum shall be credited towards his interest on the $5,500 note and the deficit of the sum of $30 shall be paid to her our mother Anna Hillman, at the end of each succeeding December first, thereafter, while he cares, boards and rooms her, and not otherwise, the principal sum of said note is not payable prior to 20 years from the first day of December, A. D. 1923, unless she, the said Anna Hillman departs this life previous thereto."

The correction deed also contained the following: "It was our intention the time the first deed was executed to convey all of this property to said Elo Hillman, that is all our share, right, title and interest which we owned by virtue of inheritance into the estate of Ludwig Hillman, deceased, and all our maternal right, share, claim, title and interest which we may hereafter have, as it was the intention of said Elo Hillman taking charge of said property and render his note in lieu of the amount of the purchase price under conditions that *that* the children or heirs in whole shall after the death of our mother divide the said sum of $5,500 note in equal shares, share and share alike, and that the land, shall remain the property of said Elo Hillman intact, conditioned however that the note is accordingly paid after our mother departs this life."

We have copied these portions of the two deeds in full as they constitute the terms of the agreement of the parties, in wording chosen by them, which forms the basis of the suit.

The suit was brought by L. H. Hillman and Mrs. Annie Malek (her husband joining) against Elo and wife, Henry, and W. F. Hillman. The two latter disclaimed in favor of Elo, and they passed out of the case and are not parties to the appeal.

Some time after the suit was filed, upon joint application of all parties at interest, an auditor was appointed to state the accounts involved in the controversy. The auditor's report was filed November 8, 1938. It contained an itemized statement of the indebtedness of each child to the estate by reason of advancement with allowance of itemized credits. Recapitulation of the accounts was given in two forms, one with allowance of interest at 6% per annum, and the other without allowance of interest, as follows:

Upon the trial (to the court without a jury) the plaintiffs proved by Elo that the item of $1,400 was correct and a proper charge as an advancement against W. F., and that there was another item of $600 so properly chargeable against W. F. Objection was made to the testimony with reference to the $1,400 item, on the ground that there was no exception to the auditor's report. Error is assigned upon the overruling of this objection. There appears to have been no objection to the evidence upon the $600 item, and no error is assigned regarding the admitted testimony. The court disallowed interest on advancements; approved the auditor's report except as to the above omitted items against W. F.; added these items ($2,000) to his advance-

## With Interest.

| "Amount due | Hotch Potch | 1/5 Int. | Credit | |
|---|---|---|---|---|
| Elo Hillmann | $ 6185.90 | $ 3912.40 | | $2273.50 |
| Henry Hillman | 5189.52 | 3912.40 | | 1277.12 |
| L. H. Hillmann | 3985.43 | 3912.40 | | 73.03 |
| E. J. & Annie Malek | 3926.94 | 3912.40 | | 14.54 |
| Willie Hillmann | 274.20 | 3912.39 | 3638.19 | |
| | $19561.99 | $19561.99 | $3638.19 | $3638.19" |

## Without Interest

| "Amount due by | 1/5 Int. | | Credit | Amount due Hotch Potch |
|---|---|---|---|---|
| Elo Hillmann | $ 5931.65 | $ 2895.77 | | $3035.88 |
| Henry Hillmann | 3276.00 | 2895.77 | | 380.23 |
| L. H. Hillmann | 2518.00 | 2895.77 | 377.77 | |
| E. & A. Malek | 2479.00 | 2895.77 | 416.77 | |
| Willie Hillman | 274.20 | 2895.77 | 2621.57 | |
| | $14478.85 | $14478.85 | $3416.11 | $3416.11" |

It will thus be observed that under the report, if interest be a proper allowance, L. H. and Mrs. Malek had received their full share of the estates, whereas, without interest allowance, they were due, respectively, $377.77 and $416.77. November 8, 1938, Elo. and wife filed an amended answer in which they adopted the auditor's report as a part of their answer. They reiterated the various items in the report, contended that the several sums advanced bore interest as calculated in the report, and prayed that plaintiffs take nothing by their suit. November 8, 1938, plaintiffs filed a supplemental petition in which they alleged (inter alia) that the auditor's report was not correct in that it omitted an item of $1,400 chargeable to W. F. Hillman.

ments; and found the amounts chargeable to each of the five children as follows:

| | |
|---|---|
| Elo Hillman | $ 5931.65 |
| Henry Hillman | 3776.00 |
| L. H. Hillman | 2518.00 |
| Annie Malek | 2479.00 |
| W. F. Hillman | 2274.20 |
| Total | $16478.85 |
| Each distributive share | $ 3295.77 |

The amounts so received by plaintiffs were, therefore short of what they were each entitled to receive, as follows: Annie Malek, $816.77, and L. H., $777.77. For these respective amounts the court rendered judgment against Elo and foreclosed the vendor's lien upon the land above conveyed to him. Elo and wife have appealed.

While there are some questions raised as to the sufficiency of the pleadings, we do not regard them as having substantial merit. Both parties declared upon the agreement embodied in the 1924 and 1927 deeds, copies of which were attached to plaintiffs' petition as exhibits. These assignments are therefore overruled.

The only assignments which we regard as having controversial substance sufficient to warrant discussion are those relating to the allowance of the items ($2,000) against W. F., and the refusal of the court to allow interest.

■ As to the former, it is to be observed that these items were conclusively established by the unequivocal testimony of Elo Hillman, himself. No evidence to the contrary was offered; and the testimony of Elo constituted an admission against his own interest. It is not even contended that the judgment was incorrect in this, or any other regard (except as to the issue of interest); and the only asserted ground for setting aside the judgment on this account is the fact that no formal exception was made to the auditor's report and the evidence was therefore not admissible. Plaintiffs' supplemental petition expressly challenged the accuracy of the report in omitting the $1,400. This was tantamount to a formal exception and was sufficient to put the item in issue. Barkley v. Tarrant County, 53 Tex. 251; 36 Tex. Jur., p. 696 and note 18. Plaintiffs do not appear to have been apprised of the $600 item until it was brought out on the trial in the testimony of Elo. The auditor testified that he compiled his report from documents and information furnished him by the respective parties. He consulted Elo, who did not apprise him of either of these items. As stated, the testimony of Elo on this point was not objected to and error is not assigned upon admission of the evidence. It would be an extremely technical holding that would require reversal of an admittedly correct judgment under these circumstances; which holding we decline to make.

Appellants' contention that interest should be added to the several advancements appears to be predicated upon two grounds: (1) agreement to that effect; and (2) the fact that Elo was required to pay interest during the life of his mother (as provided in the deeds—a provision with which he complied) on the $5,500, rendered it unfair and inequitable not to add interest to the advancements received by the other four children.

Elo testified in general terms that the agreement was that all were to pay interest. It is not clear whether this testimony was predicated upon a verbal understanding or upon his own interpretation of the agreement contained in the deeds of 1924 and 1927. In any event, the court was warranted in disregarding the testimony, since it was not corroborated and came from an interested witness.

■ A careful study of the terms of the two deeds leads, we hold, to the conclusion that there was no agreement therein regarding interest (except as to the $5,500 during the life of the mother—a subject we consider below); and that the rights of the parties were to be determined by the general rules relating to advancements brought into the settlement of estates in hotchpotch. Our statute upon the subject (Art. 2576, R.C.S.) provides that "it shall be sufficient to account for the value of the property so brought into hotchpotch at the time it was advanced." No specific reference is made to interest; and we have found no case in this jurisdiction upon the subject. The general rule appears to be that interest is not a proper charge prior to the death of the donor. 1 Am.Jur., p. 755, § 99; 18 C.J., p. 931, § 250.

Insofar as concerns interest on the $5,500, it is manifest that this provision was incorporated in the two deeds in order to provide sustenance for the mother during her declining years in her mentally enfeebled condition. There was no evidence of the real value of the property conveyed to Elo. And it should be assumed (if such were necessary) that the obligation of Elo to pay interest to his mother during her lifetime in the manner provided, was compensated for in the value of what he received under the deed. None of the other children received any personal benefit from the payment. What the rights of the mother or the other children would have been had Elo failed to meet this obligation does not concern us. At any rate, the agreement, as expressed in the deeds, appears clearly to contemplate that upon the death of the mother only the $5,500 and other advancements received by the five children should be brought into hotchpotch, the aggregate divided into five equal shares, and the division or adjustment made accordingly. While the $5,500 was put in the form of a note and title to the con-

veyed property vested as of the date of the conveyance; the note was substituted for the conveyed property, the interest was to go to the mother during her life, and the principal amount of the note only was to be accounted for in the final distribution after the mother's death. This is our interpretation of the agreement of the parties; and, so interpreted, the trial court properly disallowed interest on the advancements.

The trial court's judgment is affirmed.