# ELO HILLMAN ET AL V. L. H. HILLMAN ET AL.

No. 7716. Decided November 19, 1941.
Rehearing overruled December 31, 1941.
(157 S. W., 2d Series, 143.)

*John C. Marburger, Moss & Moss,* and *Edward R. Moss,* all of La Grange, for plaintiffs in error.

The report of the auditor in this case is conclusive upon all parties as to all matters and items therein contained, there being no legal exception filed and presented and called to the attention of the court before the trial. Whitehead v. Perie, 15 Texas 7; Atlas Metal Works v. City of Dallas, 30 S. W. (2d) 431; Shambaugh v. Anderson, 92 S. W. (2d) 530.

*Amos Peters* and *W. C. Wofford,* both of Taylor, *Theo W. Lueders,* of La Grange, and *Felts, Wheeler & Wheeler,* of Austin, for defendants in error.

MR. JUDGE BREWSTER delivered the opinion of the Commission of Appeals, Section A.

In this case the parties seek to partition the estate left by their deceased intestate parents. Judgment of the district court was affirmed by the Court of Civil Appeals. See 135 S. W. (2d) 802, wherein appears a detailed statement of the facts, which will not be here repeated except as may be necessary to explain the points discussed.

Writ of error was granted by the Supreme Court because the case involves a construction of Article 2292, of the Revised Civil Statutes of Texas (1925), which (omitting portions not relevant here) reads as follows:

"When an investigation of accounts or examination of vouchers appears necessary for the purpose of justice between the parties to any suit, the court shall appoint an auditor or auditors to state the accounts between the parties and to make report thereof to the court as soon as possible. * * * Said report shall be admitted in evidence, but may be contradicted by evidence of either party where exceptions to such report or any item thereof have been filed before the trial. * * *"

The trial court appointed an auditor on May 25, 1937, to state the accounts between the parties. The auditor's report, in due form, was filed with the trial court on November 8, 1938. On November 21, 1938, the plaintiffs (defendants in error here) filed their first supplemental petition, in which they attacked said report in so far as it related to advancements made to the defendants Elo Hillman and W. F. Hillman (plaintiffs in

error here). On November 22, 1938, the case went to trial before the court without a jury and, after a general demurrer to the supplemental petition had been overruled, the trial proceeded on its merits.

When plaintiffs offered testimony challenging the correctness of the auditor's report as pleaded in their first supplemental petition, that same was objected to by defendants on the ground: (1) that no objection was filed to the report by plaintiffs before announcement of ready; (2) if such objections were filed then they could not be considered because not called to the Court's attention and disposed of before trial. The testimony was admitted and on the issue thus joined the trial court found for the plaintiffs. The admission of such testimony was assigned as error on appeal. The Court of Civil Appeals overruled the assignment and in that conclusion we concur.

■ Obviously, the point to the first ground of objection is that the objections made by plaintiffs in their first supplemental petition did not constitute "exceptions" to the auditor's report as contemplated by Article 2292, supra. To sustain this contention would give the statute a much stricter construction than we are willing to give it; it would substitute form for substance. We believe this point was, in effect, decided in the case of Gresham v. Harcourt (Civ. App.) 75 S. W. 808 (Er. Ref.). There the "exceptions" were embodied in the first amended supplemental petition; thereafter plaintiff filed another amended supplemental petition which did not incorporate any exceptions to the auditor's report; plaintiff offered testimony contraditory to the auditor's report but in line with the exceptions contained in the first amended supplemental petition, to which defendant objected on the ground that the auditor's report had not been excepted to. Judge Key said, "we do not think filing of the latter pleading (the second amended supplemental petition) should be construed as an abandonment of the exceptions to the auditor's report." We hold that exceptions to the auditor's report were as effectually raised by defendants in error in their first supplemental petition as if they had been incorporated in an instrument specifically and perhaps more formally designated as "exceptions to the auditor's report."

■ Nor can we sustain the contention that the exceptions were waived because not called to the Court's attention and disposed of before trial. The pleadings make the issues to be tried. If

they involve intricate and numerous items of account, the auditor is appointed to report thereon to the court in an effort to simplify and expedite the trial. If neither side excepts to the report it is admitted in evidence and in conclusive as to the matters covered thereby, but either party has a right specifically to object to any item or items allowed or disallowed by the auditor and, if fact issues are raised thereby, to have a jury verdict thereon in response to evidence adduced. Boggs v. The State, 46 Texas 10. Necessarily this would apply to a trial before the judge if no jury is demanded. If the disputed items, then, are to be thus disposed of *during* the trial, obviously they could not be disposed of *before* trial and there could be no waiver by failure to seek an adjudication thereof before the trial. Such, we believe, is the plain import of the statute when it says, "said report shall be admitted in evidence, but may be contradicted by evidence of either party where exceptions to such report or any item thereof have been filed before the trial." This assignment is overruled.

Plaintiffs in error complained that the plaintiffs in the trial court were permitted to offer the auditor's report in evidence and then to offer testimony contradictory of certain items thereof, on the principle that documentary evidence is conclusive against the party introducing it. We do not believe that rule is applicable here. In support of their contention plaintiffs in error quote 10 R. C. L., p. 1089, par. 289, as follows:

"As a general rule documentary evidence is held to be conclusive against the party introducing it. He may not impeach it, and he will not be permitted to accept a part which is in his favor and repudiate another part which is opposed to his claim or defense. And this applies as well to documents affirming a part of the record of the cause as to other documents."

The rule announced, like all others, has its exceptions. So, farther on in the very section above quoted appears an exception which we think settles the point under discussion:

"And in analogy to the rule that while a party may not impeach his witness generally he may prove the truth of particular facts in direct contradiction of the testimony of such witness, the authorities hold that a party introducing contradictory evidence may disprove facts stated therein. It frequently occurs that, in order to establish a matter is dispute, a party finds it necessary to introduce a document as a foundation

of further proof relating to such document in order to sustain an issue on his part."

The matter in dispute here was the state of accounts between the Hillman heirs; the auditor in his report stated them; plaintiffs attacked certain of them, thus joining issue thereon. How could they present understandable proof as to the items thus disputed without offering the report itself? To hold that plaintiffs were bound by the report under the circumstances here would be but arbitrarily to brush aside the plain language of the article under consideration providing that the report "shall be admitted in evidence but may be contradicted by evidence of either party" where exceptions thereto have been seasonably filed by such party. We overrule this assignment.

■ Plaintiff in error, Elo Hillman, complains of an item of $600.00 awarded against him as an advancement received by his codefendant W. F. Hillman, on the ground that there was no pleading to support it. Briefly stated, planitiffs' fourth amended petition declared upon a note for $5,500.00 executed by defendant Elo Hillman payable in twenty years to his then living mother, Anna Hillman, or, in the event said Anna Hillman should sooner die, within ninety days after her death said Elo Hillman should pay $5,500.00 into hotch-potch with other claims due the estate of Anna Hillman and Ludwig Hillman (father of the parties), deceased, for division equally between himself, plaintiffs and defendants Henry and W. F. Hillman, said note being the consideration for a deed to him executed by said Anna Hillman and the other parties to this suit conveying two tracts of land belonging to the community estate of Anna Hillman and her deceased husband, Ludwig Hillman, and secured by the vendor's lien on the lands thereby conveyed. Then said petition prayed for judgment against Elo Hillman on said note with foreclosure of the lien securing the same. Defendants' second amended original answer consisted of a general denial, an allegation of advancements to plaintiffs which should be placed in the hotchpotch, admitted certain advancements to each of defendants Henry Hillman, W. F. Hillman and Elo Hillman with an allegation that defendants Henry and W. F. Hillman had disclaimed all interest in the estate in favor of defendant Elo Hillman, but made no mention of any item of $600.00 due by W. F. Hillman as an advancement or otherwise. Then came the auditor's report which likewise made no mention of any such item. The plaintiffs in their attack on this report in their first supplemental petition made no complaint

at its silence as to such item, but did allege that it had overlooked an item of $1,400.00 due by W. F. Hillman. The defendants' first supplemental answer contained only the general denial. With the pleadings in this state plaintiffs during the trial called Elo Hillman as a witness and he admitted that W. F. Hillman had enjoyed an advancement of the $1,400.00 referred to in plaintiffs' first supplemental petition, above, and also the item of $600.00 complained of here as an advancement from proceeds of the sale of certain property in Fayetteville belonging to the estate of his deceased parents. The trial court awarded judgment against defendant Elo Hillman on both items. We believe there was no pleading to support the award of the item of $600.00. Therefore, to that extent, the judgment was fundamentally erroneous. City of Ft. Worth et al v. Gause, 129 Texas 25, 101 S. W. (2d) 221, and authorities there cited.

We think all other propositions presented on appeal are properly disposed of by the Court of Civil Appeals, hence any discussion thereof by us would needlessly extend this opinion.

Accordingly, the judgments of the trial court and of the Court of Civil Appeals are both reversed and the cause remanded with instructions ot the trial court to reform the judgment so as to eliminate the aforesaid item of $600.00 adjudgmed against Elo Hillman, in accordance with this opinion.

Reversed and remanded with instructions.

Opinion adopted by the Supreme Court November 19, 1941.

Rehearing overruled December 31, 1941.