Sarah Ferguson Brown HOWELL, et al., Appellants,

v.

Sarah BURCH, Appellee.

No. 8842.

Court of Civil Appeals of Texas, Texarkana.

May 5, 1981.

Rehearing Denied May 26, 1981.

John M. Smith, Roberts, Harbour, Smith, Harris, French & Ritter, Longview, J. W. Crumley, Quitman, for appellants.

Dean Jorgenson, Dallas, Ben J. Kerr, Quitman, for appellee.

BLEIL, Justice.

Sarah Burch sued her mother, Sarah Howell, and others, for conversion and to set aside a conveyance of real property on the basis of forgery. Appeal is taken from the judgment, on a jury verdict, which set aside the conveyance and awarded $8,500.00 damages for conversion.

This suit was brought by appellee, Sarah Burch, against her mother and her present husband, her sister, Geneva Turner, and the estate of her deceased father, Milton Brown. Mrs. Howell and Mrs. Turner have brought this appeal. The estate has not appealed but has filed a brief as a friend of the court in support of the judgment of the court below.

Milton Brown and Sarah Howell were married in 1946. Two children were born of this marriage, Sarah Burch and Geneva Turner. In July of 1973 the Browns were divorced and in October of that year Milton Brown died. Sarah remarried and is now Sarah Howell. The 357 acre tract of land which is the center of this controversy was inherited by Milton Brown in 1959 as his separate property.

The extensive evidence shows that the Browns never had an ideal marriage, that Milton Brown always drank excessively, that during the last ten to fifteen years of his life he was physically unable or unwilling to work largely because of his alcoholism, and that prior to his death he was a physical wreck. Mrs. Brown worked at all times during their marriage and, for most purposes, was the head of the family household.

The following occurrences are significant:

July 1973 — Browns' divorced; Milton awarded life estate in the tract in controversy, the fee title was to be placed in an irrevocable trust for the two daughters;

October 1973 — Milton Brown died leaving as his only heirs and beneficiaries his two daughters; and

October 1976 — Deed in question from Mr. Brown conveying 357 acres to Mrs. Brown, dated September 30, 1968, filed of record by Sarah Brown Howell.

After his death, Milton Brown's estate was not quickly settled and eventually problems arose. Sarah Burch indicated that in the early stages of the estate proceedings she and her sister were not informed of their interest in the property. Only when the daughters first read the decree of divorce and their father's will did they find out that the land belonged to them. Finally, this controversy was triggered when Sarah Burch learned of the deed in question after it was filed for record.

During the trial Sarah Burch contended, among other things, that the 1973 divorce decree was res judicata and precluded her mother's claim under the deed filed in 1976; that the deed was not signed by her father; and, as an alternative claim, that if the deed was executed by her father it was procured by undue influence exerted on him. Sarah Burch, other lay witnesses, and a handwriting expert testified that the signature on the deed was not that of Milton Brown. Sarah Howell, Geneva Turner, and others said the signature was in fact that of Milton Brown. Mr. H. C. Douglas, a notary public, who appeared on the deed as the officer before whom Milton Brown's acknowledgment was taken, did not recall having taken the acknowledgment nor did he believe he had done so. He stated that he did not believe the acknowledgment signature was his although it looked like his writing.

In its answer to the first special issue the jury found that Milton Brown did not sign the deed. For this reason, issues concerning undue influence were not answered. The jury also found that Sarah Howell had converted $8,500.00 worth of timber belonging to Sarah Burch. This timber was sold from the 357 acre tract by Sarah Howell. Judgment was entered declaring Sarah Burch to be owner of a one-half interest in the land and awarding judgment against all defendants for $8,500.00.

█ Several of the points of error raised by appellants are founded upon Rule 1 of the Texas Rules of Civil Procedure.[1] It is urged that the appellants did not receive a just, fair, equitable and impartial trial. This is so, they say, because Sarah Howell ought to fare better in this case because of the many years she spent caring for and living with an alcoholic husband, and generally acting as the head of the household. No facts or legal authorities are cited which tend to support the argument that Rule 1

was in any manner violated. Our review of the case discloses no such support and we find no violation of this Rule.

Jury misconduct is asserted. After the entry of judgment an amended motion for new trial was filed and a hearing was held. At that hearing evidence indicated that some of the jury members carefully looked at plaintiff's Exhibit No. 6, the deed in controversy, even to the extent of holding the deed up to the light of the window in the jury deliberation room. Evidence at this hearing also established that the verdict was not unanimous. During deliberations eight jurors voted that the signature was not that of Milton Brown, but after the examination ten jurors voted that Milton Brown did not sign the deed, two voting that he did sign the deed.

█ Appellants cite Tex.R.Civ.P. 327 and 41 Tex.Jur.2d New Trial § 51 in support of this argument. Rule 327 merely provides that in cases where jury misconduct is alleged the court shall hear evidence and thereafter may grant a new trial if the misconduct is proved and injury probably resulted to the complaining party. 41 Tex. Jur.2d New Trial § 51 provides in part that, "It has been ruled that experiments by jurors during their deliberation to ascertain facts material to the case but not included in the evidence constitute misconduct that will be ground for a new trial...." This part of the rule is cited by appellants in support of their argument. However, no matters raised in support of the jury misconduct allegation tend to show that there were material facts considered by the jury which were not included in the evidence. 41 Tex.Jur.2d New Trial § 51 continues to say, "... However, the conduct is not ground for a new trial if the experiment involves merely a more critical examination of an exhibit than had been made of it in court...." No evidence was presented to

1. This Rule provides:
    "The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, these rules shall be given a liberal construction."

show that the jurors did anything but look at the deed by the window. There is no evidence of any experiment or investigation or consideration of facts not admitted in evidence as alleged. This point of error is overruled. 41 Tex.Jur.2d New Trial § 51; 3 McDonald's, Texas Civil Practice § 14.06.2.

Appellants also urge that Sarah Burch is estopped as a matter of law from challenging the validity of the deed because she introduced it into evidence as her Exhibit No. 6. The basis of this error is the general rule that when a party introduces documentary evidence without limiting the purpose for which it is introduced, that party is bound by the recitals contained in the document and cannot challenge its validity. However, this rule does not apply when a party introduces an instrument for the purpose of attacking it. *Gevinson v. Manhattan Construction Co. of Oklahoma*, 449 S.W.2d 458 (Tex.1969); *Hillman v. Hillman*, 138 Tex. 111, 157 S.W.2d 143 (1941).

Over the objections of appellants, the divorce proceedings between Milton and Sarah Brown and the probate file of the Estate of Milton Brown were admitted into evidence. Appellants urge that the admission of these documents was error. They say that the evidence should have been excluded because it was immaterial and could only be calculated to cause bias and prejudice against appellants. These proceedings tended to show that Milton Brown lived and died without knowledge of the 1968 deed purportedly conveying the tract of land. This position is entirely inconsistent with the allegations of Sarah Howell. Under these circumstances, we find no error in the admission of these documents. *Davis v. Breithaupt*, 427 S.W.2d 666 (Tex.Civ.App.— Austin 1968, writ ref'd n. r. e.). These points of error are overruled.

Error is also assigned in the trial court's refusal to allow a trial amendment. Appellants state that all during the trial there existed hope that the controversy might be compromised and settled and after appellants' determination that the matter would not be settled, they desired to plead an offset to the conversion damages sought. The actual trial of this case commenced May 29, 1979, and duly proceeded. On May 31, 1979, Sarah Howell made a motion for leave to file a trial amendment to assert an offset against the claim for the conversion of timber, in an amount that the proof might reveal. The attorney for Sarah Burch objected to this motion and the court did not allow the trial amendment. Rule 66, Tex.R.Civ.P., provides that the trial court may allow an amendment of pleadings to cure certain defects and allows the court to do so freely. The court may even postpone the proceeding to allow the objecting party to respond. Under the circumstances present in these proceedings, we find no abuse of discretion on the part of the trial court in its ruling denying leave to file a trial amendment.

Appellants also complain that the judgment, while awarding monetary recovery in favor of Sarah Burch in the amount of $8,500.00 does not properly recite against whom such judgment is awarded. Sarah Burch filed suit against her mother, Sarah Howell and her current husband, John Earl Howell, her sister, Geneva Turner, and the Estate of Milton Brown, Deceased. The only evidence in this proceeding indicated that certain timber was cut and sold by Sarah Howell and that she received the monies from the sale of this timber. The jury verdict itself found that Sarah Burch was entitled to $8,500.00 for the timber converted by Sarah Howell. Appellants are patently correct in asserting the impropriety of the judgment insofar as it allows a monetary recovery against any defendant other than Sarah Howell. The judgment of the trial court will be modified so as to provide that the recovery of $8,500.00 by Sarah Burch shall be of and from Sarah Howell, only, and that no damages be recovered against the other named defendants.

Points are raised by appellants which attack the evidentiary support of the jury's answers to the special issues. After thoroughly considering and weighing all of the evidence, we conclude that there is suffi-

cient evidence to support the findings of the jury.

■ The estate of Milton D. Brown, deceased, did not appeal from the judgment. The attorneys representing that estate have nevertheless filed a brief as a friend of the court. In that brief it is asserted that the question of the validity of the warranty deed in question is immaterial because Milton D. Brown and Sarah Brown were owners of this property at the time of the divorce and the property was considered and divided by final divorce decree which set forth the interest owned by all parties with respect to the real property made the subject of this suit. It is contended that the divorce decree is a valid final judgment on the merits concerning the title to this property as between these parties, and that that divorce decree precludes relitigation of all issues considered in that suit, as well as those issues which should have been considered. We agree with this position and hold that the doctrine of res judicata bars the claim of Sarah Howell to an interest in the property. *Texas Water Rights Commission v. Crow Iron Works*, 582 S.W.2d 768 (Tex.1979); *Griffin v. Holiday Inns of America*, 496 S.W.2d 535 (Tex.1973); *Abbott Laboratories v. Gravis*, 470 S.W.2d 639 (Tex.1971).

The judgment of the trial court is modified so that the recovery by Sarah Burch of $8,500.00 in monetary damages shall be against Sarah Howell, only, and none of the other parties named as a defendant in the trial of the cause. As modified, the judgment of the trial court is affirmed.